608 A.2d 1027

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Michael PISCANIO, Appellee.**

Supreme Court of Pennsylvania.

Submitted Dec. 3, 1991.

Decided May 18, 1992.

William H. Platt, Dist. Atty., Douglas G. Reichley, Asst. Dist. Atty., for appellant.

Michael Piscanio, pro se.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

ZAPPALA, Justice.

The issue presented is whether an appeal of the denial of bail divests the trial court of jurisdiction to try the case. We find, based on the facts of the case *sub judice*, that the trial court had jurisdiction to proceed to trial notwithstanding Appellee Michael Piscanio's appeal. For this reason, we now reverse the order of the Superior Court.

Appellee was arrested and charged with passing bad checks and theft by deception. Prior to trial, Appellee filed *inter alia* an appeal to the Superior Court from an order of the Court of Common Pleas of Lehigh County that denied him bail.[1] While this appeal was pending before the Superior Court, Appellee's criminal trials began. Appellee was convicted on July 13, 1981, following a jury trial, of three counts each of passing bad checks and theft by deception. At a second trial completed on December 21, 1981, Appellee also was found guilty by a jury of one count each of passing bad checks and theft by deception. Appellee then elected to proceed without argument or filing a brief in support of his consolidated motions for a new trial and in arrest of judgment. The trial court denied Appellee's motions on July 1, 1983. Following sentencing on August 19,

1. Superior Court Appeal No. 1537 PHL 1981, which concerned the trial court's order denying bail, was filed on June 22, 1981. Following numerous extensions, the Superior Court on May 20, 1985, dismissed the appeal for failure to file a brief.

1983, Appellee filed a motion to vacate the trial court's July 1, 1983, order and reinstate his post verdict motions. While this motion was pending before the trial court, Appellee filed an appeal with the Superior Court on August 22, 1983.[2] The trial court three days later denied Appellee's motion to vacate the July 1, 1983, order.

The Superior Court in an order and memorandum opinion reversed the judgment of sentence of the Court of Common Pleas of Lehigh County and remanded the case for a new trial. The Superior Court reasoned that although the trial judge found that the issues raised were meritless and/or the orders appealed from interlocutory, proceeding to trial upon such grounds only became possible after the adoption of Rule 1701(b)(6) which became effective subsequent to Appellee's trial. The Superior Court then based its decision to reverse and remand for a new trial on *Commonwealth v. Hall*, 327 Pa.Super. 390, 476 A.2d 7 (1984). The Superior Court failed to consider Pa.R.A.P. 1701 in its entirety and in so doing misapplied *Commonwealth v. Hall*.

The then-applicable Pa.R.A.P. 1701 provided:

(a) **General rule.** Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.

(b) **Authority of a trial court or agency after appeal.** After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

(1) Take such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant supersedeas, and take other action permitted or required by these rules or otherwise

2. Appellee also filed on August 22, 1983, a Petition for Writ of Habeas Corpus which the trial court denied on January 11, 1984. Thereafter, Appellee filed a Motion for Reconsideration which was denied on March 5, 1984.

ancillary to the appeal or petition for review proceeding.

(2) Enforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter.

(3) Grant reconsideration of the order which is the subject of the appeal or petition, if:

(i) an application for reconsideration of the order is filed in the trial court or other government unit within the time provided or prescribed by law; and

(ii) an order expressly granting reconsideration of such prior order is filed in the trial court or other government unit within the time prescribed by these rules for the filing of a notice of appeal or petition for review of a quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal or petition for review of a quasijudicial order theretofore or thereafter filed or docketed with respect to the prior order, and the clerk of any court in which such an inoperative notice or petition is filed or docketed shall upon praecipe of any party note on the docket that such notice or petition has been stricken under this rule. Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal or petition for review begins to run anew after the entry of the decision on reconsideration, whether or not that decision amounts to a reaffirmation of the prior determination of the trial court or other government unit.

(4) Authorize the taking of depositions or the preservation of testimony where required in the interest of justice.

(5) Take any action directed or authorized on application by the appellate court.

**(c) Limited to matters in dispute.** Where only a particular item, claim or assessment adjudged in the matter is involved in an appeal, or in a petition for review proceeding relating to a quasijudicial order, the appeal or petition for review proceedings shall operate to prevent the trial court or other government unit from proceeding further with only such item, claim or assessment, unless otherwise ordered by the trial court or other government unit or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant.

**(d) Certain petitions for review.** The filing of a petition for review (except a petition relating to a quasijudicial order) shall not affect the power or authority of the government unit to proceed further in the matter but the government unit shall be subject to any orders entered by the appellate court or a judge thereof pursuant to this chapter.

Subsection (b)(6) which became effective September 15, 1983, authorized the trial court to proceed further in any matter in which a nonappealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order.

In *Commonwealth v. Hall,* supra, the Superior Court addressed the issue of whether the lower court erred in proceeding to trial while Hall's separate appeals from orders denying his pre-trial motions for writ of habeas corpus and to recuse the trial judge were pending. The trial court instituted the trial, despite the two pending appeals, on the apparent belief that the appeals were improperly filed due to the interlocutory and nonappealable nature of the orders. Following trial, Hall was found guilty of voluntary manslaughter and possession of a firearm without a license.

The Superior Court found that the trial court did not err in instituting trial due to Hall's pending appeal from the order denying his motion for a writ of habeas corpus. The court reasoned that the appeal was filed *pro se* prior to Hall acquiring leave to proceed *pro se* and for that reason had no legal effect since he was represented by counsel. The

Superior Court did, however, hold that the trial court erred in instituting trial while the appeal from the order denying Hall's motion to recuse the trial judge was pending since Hall had been by then granted leave to proceed *pro se*. The Superior Court noted that Rule 1701(b)(6), had it applied, would have permitted the lower court trial. Additionally, the Superior Court determined that Pa.R.A.P. 1701(c) could not countenance the institution of trial because recusal, which was intertwined with Hall's fair trial rights, was not an "item, claim or assessment" separate and distinct from issues covered at trial. For this reason, the Superior Court reversed and remanded for a new trial. *Id.* 327 Pa.Super. at 394–395, 476 A.2d at 9–10.

■ The Superior Court's sole focus in the case *sub judice* was on Pa.R.A.P. 1701(b)(6). Therefore, the court concluded that trial of the case became possible after the adoption of Pa.R.A.P. 1701(b)(6) which became effective subsequent to Appellee's trials. The *Hall* court, however, in addition to Pa.R.A.P. 1701(b)(6) also considered Pa.R.A.P. 1701(c) which prevents the trial court from proceeding only on the item, claim or assessment adjudged in the matter that is involved in an appeal.[3] Pa.R.A.P. 1701 must be considered in its entirety.

■ Pa.R.A.P. 1701(a) provides that the subject matter jurisdiction of the trial court is removed for so long as an appeal from an order issued earlier in the proceeding is pending. However, the removal of subject matter jurisdiction applies only to the extent of precluding the trial court from proceeding on issues related to the matter on appeal. Pa.R.A.P. 1701(c). See also *Corace v. Balint,* 418 Pa. 262, 210 A.2d 882 (1965).

3. The Commonwealth contends that Appellee was never granted leave to proceed *pro se*. Because Appellee's *pro se* actions have no legal effect while defense counsel remains authorized to represent him in all aspects of the proceedings, Appellee's *pro se* appeal from the order denying bail was a nullity which would not prevent the trial court from instituting trial. See *Commonwealth v. Hall,* supra. This claim presents an alternative basis on which to find that the trial court properly proceeded with Appellee's trials.

The matter on appeal was the trial court's denial of bail, which was based on the fact that Appellee had fled from the Commonwealth when previously on bail on an unrelated criminal matter. The trial court instituted trial based upon issues related to Appellee's charges of passing bad checks and theft by deception. As distinguished from *Hall* where recusal was tightly intertwined with fair trial rights, the denial of bail is not intertwined with any of the aforementioned trial issues. We find that the trial court's subject matter jurisdiction was not removed pending the appeal of the order denying Appellee bail. It was therefore proper for the trial court to proceed with Appellee's trials.

The order of the Superior Court, which reversed the judgment of sentence of the Court of Common Pleas of Lehigh County and remanded for a new trial, is reversed. The judgment of sentence of the Court of Common Pleas of Lehigh County is reinstated.

Jurisdiction relinquished.

LARSEN, J., concurs in the result.