J-S07028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID A. ADEWUMI | |
| Appellant | No. 1900 MDA 2014 |

Appeal from the Judgment of Sentence June 26, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001367-2013

-------------------------------------------------------------------------------

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID ADEYALO ADEWUMI | |
| Appellant | No. 1901 MDA 2014 |

Appeal from the Judgment of Sentence June 26, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001694-2013

BEFORE:  BOWES, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 12, 2016**

David Adeyalo Adewumi appeals from the judgment of sentence imposed on June 26, 2014, his following his open guilty plea to three counts

_____

[*] Former Justice specially assigned to the Superior Court.

of false reporting and one count each of institutional vandalism and criminal mischief.[1] Adewumi received an aggregate sentence of one to four years' incarceration. In this timely appeal, Adewumi claims the trial court erred in determining his claim of receiving an excessive sentence was waived. He also raises a claim that his sentence was excessive. Following a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

Our review of the certified record reveals that while incarcerated in the Centre County Correctional Facility, Adewumi claimed to have been indecently assaulted by correctional officers on three occasions; the basis of the false reporting charges. The Commonwealth also alleged Adewumi had intentionally broken a fire sprinkler head, resulting in the institutional vandalism and criminal mischief charges. Adewumi initially represented himself at trial, with Casey McClain, Esq., as stand-by counsel. On June 26, 2014, in the middle of his jury trial, Adewumi elected to plead guilty to the above listed charges. Additionally, Adewumi sought reappointment of Attorney McClain to represent him during the guilty plea. The trial court accepted the plea and, without objection, the Commonwealth moved for immediate sentencing.

_____

[1] 18 Pa.C.S. §§ 3307(a)(3) and 3304(a)(5), respectively.

While still represented by Attorney McClain, Adewumi filed a timely *pro se* post-sentence motion asking that the court allow him to withdraw his guilty plea, vacate his sentence, and for the trial judge to recuse himself and for a new trial.  Subsequently, Attorney McClain orally moved to be relieved as counsel.  This motion was granted and new counsel was appointed.  The *pro se* motion was forwarded to counsel, who filed an amended post-sentence motion on September 23, 2014.  A hearing on the amended motion was held on October 23, 2014, at which time the Commonwealth raised the argument that the amended motion was untimely because the original *pro se* motion, filed while Adewumi still had counsel, was a legal nullity. Adewumi's counsel argued the relationship between Adewumi and prior counsel had deteriorated and prior counsel had essentially abandoned Adewumi, forcing Adewumi to file the *pro se* motion to protect his rights. Adewumi then argued only his claim regarding having received an excessive sentence.[2]

On October 28, 2014, the trial court denied Adewumi's post-sentence motion, finding the claim had been waived by failing to preserve the issue in a timely post-sentence motion.

It is well settled that a defendant in the Commonwealth of Pennsylvania has no right to hybrid representation; that is, filing *pro se*

_____

[2] Adewumi abandoned all his other claims at the hearing.

documents while represented by counsel. ***See Commonwealth v. Faulk***, 21 A.3d 1196 (Pa. Super. 2011).

> First, Appellant had no right to file a *pro se* motion because he was represented by counsel. [***Commonwealth v.***] ***Ellis***, 626 A.2d [1137] at 1139 [(Pa. 1993)]. This means that his *pro se* post-sentence motion was a nullity, having no legal effect. ***Commonwealth v. Piscanio***, 530 Pa. 293, 608 A.2d 1027, 1029 n. 3 (1992).

***Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa. Super. 2007).

Because Adewumi's motion was a legal nullity, his challenge to the discretionary aspect of his sentence was not preserved. ***See Commonwealth v. Swope***, 123 A.3d 333, 337 (Pa. Super. 2015) (challenge to discretionary aspect of sentence must be preserved either at sentencing or in a post-sentence motion).

Accordingly, the trial court properly disregarded Adewumi's *pro-se* post-sentence motion and its determination that counsel's subsequent post-sentence motion was untimely was correct.[3]

Judgment of sentence affirmed.

Judge Bowes joins the memorandum.

Judge Fitzgerald concurs in the result.

---

[3] We acknowledge that Adewumi has claimed his trial counsel abandoned him, thereby forcing him to file his motion *pro se*. However, no evidence was presented on this claim and the trial court made no determinations regarding that claim. Therefore, we believe this issue is properly developed in a PCRA petition.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/12/2016</u>