J-S15004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PERCY WILLIAMS, | |
| Appellant | No. 552 EDA 2015 |

Appeal from the Judgment of Sentence January 23, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000869-2013

BEFORE:  BENDER, P.J.E., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED FEBRUARY 29, 2016**

Appellant, Percy Williams, appeals from the judgment of sentence of an aggregate term of 5-10 years' incarceration, imposed following his conviction for various gun, drug, and other offenses related to his arrest. Herein, Appellant contends his plea was involuntary and that his sentence was unduly harsh and excessive.  After careful review, we affirm.

Appellant, a parolee, was arrested on January 17, 2013, when state parole agents discovered a loaded firearm, marijuana, and drug distribution paraphernalia in his home.  While being processed following his arrest, Appellant assaulted an officer at the Norristown Police Department. Consequently, Appellant was charged with possession of marijuana, 35 P.S.

_____

[*] Retired Senior Judge assigned to the Superior Court.

§ 780-113(a)(16); possession with intent to deliver, 35 P.S. § 780-113(a)(30); possession of drug paraphernalia, 35 P.S. § 780- 113(a)(32); altering or obliterating a firearm's serial number, 18 Pa.C.S. § 6117(a); possession of an instrument of a crime, 18 Pa.C.S. § 907(a); simple assault, 18 Pa.C.S. § 2701(a)(1); aggravated assault on a police officer, 18 Pa.C.S. § 2702(a)(3); persons not to possess a firearm, 18 Pa.C.S. § 6105(a)(1); and disorderly conduct, 18 Pa.C.S. § 5503(a)(1).

Appellant filed a motion to suppress the seized contraband, as well as motions seeking disclosure of information related to a confidential informant (C.I.). On April 2, 2014, a suppression hearing was held. By order dated May 12, 2014, the suppression motion and the C.I.-related motions were denied. Order, 5/12/14, at 10 ¶¶ 14-15. Subsequently, on January 23, 2015, Appellant entered an open guilty plea to all charges. Appellant signed a written plea colloquy, N.T., 1/23/15, at 17, and the trial court conducted an oral colloquy on the record. *Id.* at 3-18. At the conclusion of the oral colloquy, the trial court accepted Appellant's plea, after finding that Appellant "knowingly, intelligently[,] and voluntarily entered his plea to the charges…." *Id.* at 18.

The trial court then immediately sentenced Appellant to 5-10 years' incarceration for persons not to possess a firearm. *Id.* at 27. Appellant also received concurrent terms of incarceration of 2-10 years, 2-5 years, and 6-24 months, for, respectively, altering or obliterating a firearm's serial number, aggravated assault on a police officer, and possession with intent to

deliver. *Id.* at 28-29. Thus, Appellant was sentenced to an aggregate term of 5-10 years' incarceration. Appellant did not object or raise concerns with his sentence during the sentencing portion of the January 23, 2015 hearing.

Appellant did not file any post-sentence motions. He filed a *pro se* notice of appeal, which he dated February 18, 2015 and was post-marked a day later, but was time-stamped by the Montgomery County Clerk of Courts on February 25, 2015. At that time, prior counsel, Craig Michael Kellerman, Esq., had not withdrawn his appearance. Additionally, Attorney Kellerman did not file a Criminal Docketing Statement as required by this Court. Consequently, this Court issued an order remanding this case for the purpose of determining whether Attorney Kellerman had abandoned Appellant. Order, 5/4/15, at 1-2. The trial court held a hearing on June 22, 2015 to investigate, for which Appellant was appointed current counsel, and at which Attorney Kellerman testified. The trial court concluded that Attorney Kellerman had not abandoned Appellant. Response to Order, 7/2/15, at 5.

Current counsel filed a timely Pa.R.A.P. 1925(b) statement on July 16, 2015.[1] The trial court issued its second Rule 1925(a) opinion on August 4, 2015.[2] Appellant now presents the following claim(s) for our review:

---

[1] In Our May 4, 2015 order, we instructed the trial court to permit any newly appointed counsel to filed a Rule 1925(b) statement "within twenty-one (21)
*(Footnote Continued Next Page)*

- 3 -

> Is … Appellant … entitled to a new trial and sentencing hearing on the basis that … his open guilty plea was not knowingly, voluntarily, and intelligently entered and the trial judge abused its discretion when … Appellant was sentenced by the [trial c]ourt[?]

Appellant's Brief, at 3.

Initially, we must first address whether Appellant's *pro se* notice of appeal was timely, for that matter concerns our jurisdiction. **See** Pa.R.A.P. 903(c)(3) ("In a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court."); **Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa. Super. 2014) ("Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal."). In this case, the timeliness of Appellant's notice of appeal turns on whether or not Appellant acted *pro se* when prohibited from doing so. If Appellant was permitted to file his notice of appeal *pro se*, it is immediately apparent that he is to be afforded the benefit of the prisoner mailbox rule.

Pursuant to the prisoner mailbox rule, a prisoner's *pro se* appeal is deemed filed at the time it is given to prison officials or put in the prison

---
*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

days of the date that the trial court transmits to this Court its findings regarding the status of appellate counsel." Order, 5/4/15, at 1.

[2] This opinion supplemented the Rule 1925(a) opinion the trial court had already filed on March 3, 2015. In that earlier opinion, the trial court considered Appellant's *pro se* notice of appeal a "legal nullity" due to the prohibition against hybrid representation, ostensibly depriving this Court of jurisdiction to consider this appeal.

- 4 -

mailbox. ***See Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997). In this case, it is apparent that Appellant's *pro se* notice was put in the prison's mailbox, or given to prison officials, on or before February 19, 2015, because that is the date of the postmark on the envelope containing Appellant's *pro se* notice of appeal that was filed with the Montgomery County Clerk of Courts. ***See Commonwealth v. Wilson***, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (accepting, in satisfaction of the prisoner mailbox rule, the date appearing on a postmark of an envelope containing the *pro se* notice of appeal). However, at the time Appellant filed his appeal, Attorney Kellerman had not yet withdrawn his appearance. Our Supreme Court has recognized that, while represented by counsel, a defendant's "*pro se* actions have no legal effect while defense counsel remains authorized to represent him…." ***Commonwealth v. Piscanio***, 608 A.2d 1027, 1029 (Pa. 1992). On this basis, in its first Rule 1925(a) opinion, the trial court found that Appellant had failed to perfect his appeal because the trial court considered his *pro se* notice of appeal to be a legal nullity. The trial court did not reassert this conclusion in its second Rule 1925(a) opinion.

As noted above, on remand, the trial court determined that Attorney Kellerman had not abandoned Appellant, because Appellant never asked Attorney Kellerman to file an appeal on his behalf. However, the court also found that Attorney Kellerman never anticipated handling an appeal because Appellant had not paid him for those services. ***See*** Response to Order, 7/2/15, at 4 ("[A]ppellant did not retain Mr. Kellerman to represent him

- 5 -

beyond the disposition of charges in the above-captioned matter"). Thus, for this Court to reject Appellant's appeal, by denying him the benefit of the prisoner mailbox rule otherwise afforded to *pro se* prisoners, we would essentially be saying that Appellant had an affirmative duty to demand that Attorney Kellerman file to withdraw his appearance before Appellant filed his *pro se* appeal.

Because we know of no such duty, we refuse to deny Appellant the benefit of the prisoner mailbox rule. Although Appellant was not abandoned by counsel, *per se*, he was effectively unrepresented at the time he filed his *pro se* notice of appeal. If the trial court found credible Attorney Kellerman's belief that he was not obligated to handle Appellant's appeal because he was not paid to do so, we can safely assume that Appellant operated under the same presumption, as he was the other party to that agreement for legal services. Therefore, knowing that Attorney Kellerman was not going to represent him on appeal, Appellant filed his *pro se* notice of appeal under the reasonable belief that he was not represented by counsel when he did so. Thus, we conclude that Appellant's *pro se* notice of appeal was timely by operation of the prisoner mailbox rule.

Nevertheless, we conclude that we cannot reach the merits of Appellant's claims because they have been waived. Appellant's first claim is that the sentence imposed was manifestly excessive. However, "[i]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the

sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa. Super. 2012) (internal citation and quotation marks omitted). Appellant does not direct our attention to where in the record his sentencing claim was preserved, and our own review of the record reveals that Appellant neither objected during the sentencing portion of his plea hearing, nor filed a post-sentence motion seeking reconsideration thereof. Accordingly, Appellant's sentencing claim has been waived.[3]

Next, Appellant challenges the voluntariness of his guilty plea. In order to preserve a claim that a plea was involuntary, a defendant must "preserve it properly by either objecting during the plea colloquy or filing a post-sentence motion to withdraw the plea." *Commonwealth v. Lincoln*, 72 A.3d 606, 611 (Pa. 2013). Appellant has not directed our attention to where in the record his claim was preserved. Our own review of the record shows that Appellant neither objected during the plea colloquy, nor filed a post-sentence motion seeking to withdraw his plea. Accordingly, Appellant's plea-related claim has also been waived.

_____

[3] Appellant's sentencing claim has also been waived for another reason: Appellant failed to file a Pa.R.A.P. 2119(f) statement in his brief. "If a defendant fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects, then the issue is waived and this Court may not review the claim." *Commonwealth v. Karns*, 50 A.3d 158, 166 (Pa. Super. 2012). Because Appellant did not file a Rule 2119(f) statement, and because the Commonwealth objects on this basis (*see* Commonwealth's Brief, at 10), we cannot review his sentencing claim.

Judgment of sentence **affirmed**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/29/2016