J-A07030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SANDRA ROBERTS NAVARRA, BY HER AGENT UNDER A DURABLE POWER OF ATTORNEY, CHRYSTIE CLARKE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD E. NAVARRA AND PAULA R. NAVARRA AND NAVARRA INSURANCE ASSOCIATES, INC. | |
| APPEAL OF: PAULA R. NAVARRA | |
| Appellant | No. 978 WDA 2015 |

Appeal from the Order Dated May 29, 2015
In the Court of Common Pleas of Lawrence County
Civil Division at No(s): 10282 of 2013, C.A.

BEFORE: BOWES, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.: **FILED MAY 20, 2016**

Appellant, Paula R. Navarra, appeals from the May 29, 2015 order denying her motion to strike the March 17, 2015 judgment entered against her, Richard E. Navarra, and Navarra Insurance Associates, Inc. (collectively Defendants) and in favor of Appellee, Sandra Roberts Navarra, by her agent under a durable power of attorney, Chrystie Clarke. After careful review, we affirm.

The relevant facts and procedural history of this case are as follows. On March 20, 2013, Appellee filed a complaint against Defendants, alleging

that she and her then-husband, Fred Navarra,[1] personally guaranteed a loan taken by Navarra Insurance from First Commonwealth Bank (the Bank). When Navarra Insurance defaulted on the loan, the Bank applied a certificate of deposit held by Fred and Sandra for $200,000.00 against the balance of the loan. The Bank also obtained a judgment of $86,093.14 against Fred and Sandra. Thereafter, the Bank agreed to accept $55,000.00 from Fred and Sandra in satisfaction of the judgment. Accordingly, in this action, Appellee sought to recover $255,000.00 from Defendants.

A sheriff's return filed on April 5, 2013 indicates that a sheriff served the complaint on all Defendants, including Appellant, on March 26, 2013 at 711 Trillium Court, Wexford, Pennsylvania, 15090. Sheriff's Return, 4/5/13. It states that a sheriff served Appellant by handing the complaint to her husband, Richard, an adult family member with whom she resided. *Id.*

On April 19, 2013, Attorney Jonathan Solomon filed an answer and new matter on behalf of Defendants. The introductory paragraph of the answer and new matter stated "[n]ow come, Richard E. Navarra and Paula R. Navarra and Navarra Insurance Associates, Inc., Defendants, by their attorney Jonathan Solomon, Esq., and file their Answer to Complaint as

_____

[1] Fred and Sandra Navarra are the father and stepmother of Appellant Richard Navarra. Fred Navarra's estate was not a party to this action. Appellant Paula Navarra was married to Richard Navarra, but they are now divorced. We refer to these individuals by their first names because they have the same surname.

follows …." Answer to Complaint & New Matter, 4/19/13, at 2.[2] Attorney Solomon did not file preliminary objections. Thereafter, Attorney Solomon continued to file various legal documents on the merits of this case on behalf of all Defendants. *See* Complaint of Defendants against Additional Defendant, Chrystie Clarke, in Her Own Right, 4/19/13, at 3 (stating the complaint is filed by "Defendants, Richard E. Navarra and Paula R. Navarra and Navarra Insurance Associates, Inc., Defendants, by their attorney, Jonathan Solomon, Esq. …[]"); Defendants' Memorandum in Opposition to Preliminary Objections, 11/27/13, at 2; Answer to Motion to Strike Answer and New Matter of Defendants, 7/10/14, at 2; Defendants' Memorandum of Law as to Opportunity to File an Amended Answer, 12/5/14, at 2; Motion for Continuance, 1/21/15, at 2; Notice of Appeal, 4/16/15, at 1; Defendants' Statement of Matters Complained of on Appeal, 5/7/15, at 2.

On March 17, 2015, the trial court granted Appellee's motion for judgment on the pleadings and entered judgment in favor of Appellee and against Defendants for $255,000.00. On April 16, 2015, Attorney Solomon filed a notice of appeal from the judgment on behalf of all Defendants with this Court.

_____

[2] We note that none of the pleadings submitted by Attorney Solomon contain pagination. For ease of review, we have assigned each page in each pleading a corresponding page number.

Thereafter, on May 19, 2015, Appellant presented a petition to strike the judgment in motions court through Attorney Stephanie Kramer. Trial Court Order, 5/21/15, at 1.[3] On May 28, 2015, Attorney Kramer filed a written version of that petition. On May 29, 2015, Attorney Kramer filed a praecipe to substitute her appearance for Appellant and withdraw the appearance of Attorney Solomon. On June 2, 2015, the trial court filed an order denying Appellant's petition to strike. On June 22, 2015, Appellant filed a notice of appeal with this Court.[4]

On appeal, Appellant presents the following question for our review.

> Whether the trial court erred in failing to strike judgment as to Appellant [], where [] Appellant was not properly served, where [] Appellant had no knowledge of the proceedings in the trial court until after judgment had been entered against her, where an attorney purported to submit pleadings and a notice of appeal on Appellant's behalf without having actually represented her, where Appellant brought the petition to strike judgment approximately thirty (30) days after learning of the judgment against her, and where Appellant's first action in the litigation was the same petition to strike judgment[?]

_____

[3] We note that the trial court's order does not contain pagination. For ease of review, we have assigned each page in each pleading a corresponding page number.

[4] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925. On August 18, 2015, the trial court issued an order indicating that Appellant had not served the notice of appeal on the trial court and directing Appellant to file a Rule 1925(b) statement. On August 28, 2015, Appellant complied. On September 24, 2015, the trial court addressed Appellant's issue in a statement in lieu of an opinion.

- 4 -

Appellant's Brief at 4.

We begin by addressing the trial court's jurisdiction to consider Appellant's petition to strike. Pennsylvania Rule of Appellate Procedure 1701 limits the actions a trial court may take after an appeal, in relevant part, as follows.

**Rule 1701. Effect of Appeal Generally**

**(a) General rule.** Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.

**(b) Authority of a trial court or agency after appeal.** After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

(1) Take such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant supersedeas, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

(2) Enforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter.

(3) Grant reconsideration of the order which is the subject of the appeal or petition, if:

(i) an application for reconsideration of the order is filed in the trial court or other government unit within the time provided or prescribed by law; and

(ii) an order expressly granting reconsideration of such prior order is filed in the trial court or other government unit within the time prescribed by these rules for the filing of a notice of appeal or petition for review of a quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

…

(4) Authorize the taking of depositions or the preservation of testimony where required in the interest of justice.

(5) Take any action directed or authorized on application by the appellate court.

(6) Proceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order.

(c) **Limited to matters in dispute.** Where only a particular item, claim or assessment adjudged in the matter is involved in an appeal, or in a petition for review proceeding relating to a quasijudicial order, the appeal or petition for review proceeding shall operate to prevent the trial court or other government unit from proceeding further with only such item, claim or assessment, unless otherwise ordered by the trial court or other government unit or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant.

…

Pa.R.A.P. 1701(a)-(c).

Here, the trial court, in its June 2, 2015 order denying Appellant's petition to strike the judgment, found that "the relief requested is not

ancillary to the issues pending on appeal." Trial Court Order, 6/2/15, at ¶ 2.

Similarly, in its September 24, 2015 statement in lieu of an opinion, the trial

court reiterated that it denied the petition to strike because it was not

ancillary to the pending appeal. Trial Court Statement, 9/24/15, at ¶ 19.

Appellant contends that the trial court retained jurisdiction as to ancillary

matters. She then plainly asserts, without citation to any authority,[5]

"[p]ost-judgment pleadings are ancillary matters that are outside the scope

of appellate jurisdiction." Appellant's Brief at 12. Appellee responds that

the trial court could not act on the petition to strike because it challenges a

judgment that Defendants had already appealed. Appellee's Brief at 14.

We conclude that the pending appeal of the judgment deprived the

trial court of jurisdiction to address the merits of Appellant's petition to

strike. Once Defendants appealed the judgment on April 16, 2015, the trial

court could take no further action in the case. Pa.R.A.P. 1701(a); **see also**

**Moses v. T.N.T. Red Star Exp.**, 725 A.2d 792, 795 n.4 (Pa. Super. 1999),

*appeal denied*, 739 A.2d 1058 (Pa. 1999). Appellant's petition to strike

sought relief from the same judgment that Defendants had appealed on April

_____

[5] In her analysis of Rule 1701, Appellant cites two distinguishable cases. First, **Commonwealth v. Piscanio**, 608 A.2d 1027 (Pa. 1992), held that an appeal from the denial of bail did not divest the trial court of jurisdiction to proceed with a trial in the case because the denial of bail was not related to the facts on trial. **Piscanio**, **supra** at 1030. Second, **Abrams v. Uchitel**, 806 A.2d 1 (Pa. Super. 2002), explained that an appeal of a transfer and coordination order did not deprive the trial court of jurisdiction to appoint a receiver. This case does not involve issues that are ancillary or collateral.

16, 2015. Even though Appellant's May 19, 2015 petition to strike argued that the judgment was void for a different reason, an appeal of that judgment was pending with this Court. The petition to strike is not ancillary or collateral to the judgment. If Defendants were successful in their pending appeal, the judgment would be vacated and Appellant's petition to strike would be mooted. Accordingly, the appeal of the judgment divested the trial court of jurisdiction to rule on the petition to strike the same judgment. Pa.R.A.P. 1701(a).

Based on the foregoing, the trial court did not err in determining that it did not have jurisdiction to rule on Appellant's petition to strike. Therefore, we affirm the trial court's May 29, 2015 order.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/20/2016