J. S84041/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
AARON BRUNSON, : No. 52 EDA 2017
:
Appellant :


Appeal from the Judgment of Sentence, July 22, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0004492-2015


BEFORE: BENDER, P.J.E., OTT, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED APRIL 15, 2019**

Aaron Brunson appeals from the July 22, 2016 judgment of sentence entered by the Court of Common Pleas of Philadelphia County following his conviction of burglary, robbery, conspiracy to commit robbery, and aggravated assault.[1] After careful review, we remand with instructions.

On May 20, 2016, a jury convicted appellant of the aforementioned crimes. The trial court sentenced appellant to an aggregate sentence of 25-50 years' imprisonment. During the sentencing hearing, appellant's trial counsel, Joseph Santaguida, Esq., provided appellant with his post-sentence rights as follows:

> You've now been sentenced by the [trial court] to
> 25-50 years. You have 10 days from today to ask
> the judge to reconsider. You have 30 days from

---

[1] 18 Pa.C.S.A. §§ 3502(a), 3701(a), 903(a), and 2702(a), respectively.

> today to take an appeal to the Superior Court, which
> we will do.
>
> If you can't afford going to the appellate court,
> they're going to appoint counsel for you.

Notes of testimony, 7/22/16 at 17-18.

The following day, appellant filed a *pro se* post-sentence motion. The trial court denied appellant's post-sentence motion by operation of law pursuant to Pa.R.Crim.P. 720 on November 21, 2016. Appellant filed a *pro se* notice of appeal on December 14, 2016. On January 13, 2017, the trial court appointed Donald Bermudez, Esq., to represent appellant.

On January 23, 2017, the trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on February 13, 2017. On June 12, 2018, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

We must first determine whether appellant's appeal is properly before us. The Commonwealth contends that appellant's appeal should be quashed as untimely filed because appellant filed a *pro se* post-sentence motion while he was still represented by counsel, thus rendering the post-sentence motion to be a legal nullity. (Commonwealth's brief at 13.) Therefore, the Commonwealth argues that appellant's notice of appeal was not timely filed. (*Id.*)

It is well settled that hybrid representation is not permitted in this Commonwealth. *Commonwealth v. Williams*, 151 A.3d 621, 623

(Pa.Super. 2016). A ***pro se*** filing of post-sentence motions by a litigant represented by counsel is considered a legal nullity. ***Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa.Super. 2007), citing ***Commonwealth v. Piscanio***, 608 A.2d 1027, 1029 n.3 (Pa. 1992).

Our cases have recognized an exception to the rule against hybrid representation. Indeed, this court recognized that in cases where a defendant is effectively abandoned by his counsel and the trial court fails to appoint new counsel in a timely manner, a defendant's ***pro se*** filing while still represented by counsel "does not offend considerations of hybrid representation." ***Commonwealth v. Leatherby***, 116 A.3d 73, 79 (Pa.Super. 2015). In ***Leatherby***, the defendant could no longer afford his counsel's services, and his counsel requested that the trial court appoint new counsel. ***Id.*** During the sentencing hearing, however, counsel asked the defendant if the defendant would like either counsel or his yet-to-be-appointed counsel to file a post-sentence motion on his behalf, and the defendant answered in the affirmative. ***Id.*** The defendant also indicated that he requested counsel and his yet-to-be-appointed counsel to perfect the appeal and file a notice of appeal with the Superior Court. ***Id.*** Finally, counsel made the following statement: "Just so [we] are clear. Judge, with that on the record again, what I will do is perfect his post-sentencing appeal before Your Honor and file that motion in Mr. Leatherby's name. But again, I would ask the court-appointed attorney

to handle that matter." *Id.* (citations to the record and emphasis omitted). Seven days later, the defendant filed a ***pro se*** post-sentence motion in order to protect his rights. *Id.*

The record reflects that Attorney Santaguida never filed a motion to withdraw, nor did he make an oral motion to withdraw in open court in the presence of appellant pursuant to Rule 120 of the Pennsylvania Rules of Criminal Procedure. *See* Pa.R.Crim.P. 120(A)(4); (B)(1)-(2). Unlike in ***Leatherby***, Attorney Santaguida did not make a request on the record to have newly court-appointed counsel file appellant's post-sentence motion and/or notice of appeal. We, therefore, remand for the trial court to hold an evidentiary hearing to determine whether Attorney Santaguida had effectively abandoned appellant, thereby necessitating appellant's filing of a ***pro se*** post-sentence motion in order to preserve his appellant rights. The trial court shall make a determination of record within 90 days of the filing of this memorandum.

Case remanded with instructions. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/19

- 4 -