J-M02002-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD WORLEY | : | |
| | : | |
| Petitioner | : | No. 7 WDM 2025 |

Petition for Specialized Review of the Order entered February 3, 2025,
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0007262-2023

BEFORE: BOWES, KUNSELMAN, and LANE, JJ.:

MEMORANDUM BY BOWES, J.: **FILED: April 14, 2025**

Petitioner, Richard Worley, filed a *pro se* Petition for Specialized Review ("Petition") of the court of common pleas' February 3, 2025 order denying his motion for modification of bail. Petitioner thereafter filed numerous *pro se* applications with this Court. The Commonwealth filed a response, arguing that the Petition is a legal nullity because Petitioner was represented by counsel when he filed the *pro se* Petition. Newly-appointed Counsel has filed an application to amend the Petition, to which the Commonwealth has not responded. After careful review, we decline to dismiss or quash the Petition, we grant Counsel's application to amend the Petition, we hereby vacate the trial court's February 3, 2025 order, and we remand for a new bail hearing to be conducted within fourteen (14) days of the date of this Memorandum. All remaining *pro se* applications are denied as moot.

The facts salient to this disposition are as follows.[1] On September 15, 2023, Petitioner was arrested and charged with, *inter alia*, attempted homicide and aggravated assault. Petitioner was denied bail. On August 17, 2024, the trial court re-appointed the Public Defender's Office to represent Petitioner.[2] The Public Defender's Office filed a motion for modification of bail on Petitioner's behalf, but subsequently filed a motion to withdraw as counsel. Petitioner filed a motion to proceed *pro se*.

On February 3, 2025, the trial court held a hearing on the motion for modification of bail. The court began by addressing the defense counsel's request to withdraw. The trial court specifically asked whether Petitioner wished to have representation:

> THE COURT: Mr. Worley, did you want an attorney?
>
> THE DEFENDANT: Well, yeah. To be completely honest, I know for a fact that I'm not mentally capable of representing myself. But at this stage in this prosecution, which is [eighteen] months in, I haven't been represented properly by either [the PD] or my previous counsel, Ralph Karsh. . . .
>
> * * *

---

[1] Because this Court is not in possession of the certified record, the facts are gleaned primarily from the trial court's docket, the notes of testimony provided by the trial court, and the facts asserted by the parties that are uncontradicted.

[2] The Public Defender's Office previously represented Petitioner until he obtained private counsel in February 2024. Petitioner, however, requested new counsel on July 24, 2024, causing the trial court to re-appoint the Public Defender.

THE COURT:  Sir, when you said to me you didn't think you were mentally able to represent yourself, did you mean that in terms of not having the legal education or - - -

THE DEFENDANT:  Exactly.

THE COURT: - - or did you think that you had some mental health issue that you wanted to address?

THE DEFENDANT:  No.  No, no.  I don't have any mental health issues.  What I understand is - -

THE COURT:  I just wanted to make sure because that's obviously something - - If you're talking to me today, I wanted to make sure you're clear-headed, right?

THE DEFENDANT:  Oh, I'm very clear-headed, sir.

N.T., 2/3/25, at 3-5.  The court thereafter questioned Petitioner on the fact that he had multiple attorneys to that point and inquired whether Petitioner intended to hire new counsel.  *Id*. at 5-6.  Petitioner responded that he had exhausted all of his resources, at which point the trial court confirmed it would thereafter appoint new counsel:

THE DEFENDANT:  I don't have the financial resources.

THE COURT:  So I could appoint an attorney for you.

THE DEFENDANT:  Okay.

THE COURT:  But that will be your third attorney, right?  Mr. Karsh, Mr. Guckert –

THE DEFENDANT:  Yes, sir.

THE COURT: - - and this one.  So if there's a problem with this attorney as well, it would make me believe that maybe the problem's not with the lawyers.  It might be with you, right?

THE DEFENDANT:  I understand totally.

> THE COURT: I just want to make sure so we're on the same page.
>
> THE DEFENDANT: We are exactly on the same page.
>
> THE COURT: So I'll appoint a new lawyer for you.

*Id*. at 7-8. After the court denied Petitioner's attempt to argue his petition for writ of *habeas corpus*, Petitioner then asked to argue his bail-modification request:

> THE DEFENDANT: Since I'm not able to argue my Hague today, would I be able to argue my bail motion today?
>
> THE COURT: Yes, we can hear your bail today. That was the purpose of the status today. All right. Let's hear from Pretrial Services.

*Id*. at 10.

After the trial court received testimony from Pretrial Services, Petitioner, and the Commonwealth, the trial court concluded the hearing by taking the matter under advisement. Later that day, the trial court entered an order docketed as "Order Granting Modification – Bail Denied – Worley, Richard," but which was actually an order where the trial court, in Petitioner's proposed order granting nominal bail, wrote over "granted" with the word, "DENIED." *See* Order, 2/3/25.

Petitioner filed the instant Petition *pro se*, dated February 7, 2025, and received in this Court February 13, 2025.[3] On February 18, 2025, this Court

---

[3] The envelope which contained the Petition does not bear a date on the postmark or anywhere else on the envelope.

- 4 -

directed the trial court to file a Pa.R.A.P. 1762(e) statement of reasons for its bail determination and provide the notes of testimony from the February 3, 2025 hearing. The Order further directed the Commonwealth to file its response to the Petition after the trial court filed its Rule 1762(e) statement. The trial court submitted the notes of testimony and its Rule 1762(e) statement, and the Commonwealth followed with its response to the Petition.

Meanwhile, on February 12, 2025, nine days after the hearing, the trial court entered the order granting the Public Defender permission to withdraw representation. The trial court docket entry for February 18, 2025, reads: "Status Hearing Scheduled 02/24/2025 8:30AM," with service on "Roberts/Sichko." On February 19, 2025, Attorney Brian William Sichko entered his appearance on behalf of Petitioner. These entries constitute the docket's first reference to Attorney Sichko.

Petitioner filed multiple *pro se* applications in this Court from February 21, 2025, through March 21, 2025: (1) an emergency application for expedited review; (2) an application for emergency stay; (3) an application to proceed *in forma pauperis*; (4) an application requesting copies of filings; (5) an emergency motion objecting to appointment of counsel; and (6) an application to adjust the docketing date of the motion objecting to counsel. On March 19, 2025, Charles R. Pass III, Esquire ("Counsel"), entered his appearance on behalf of Petitioner. On March 21, 2025, Counsel filed an application to amend the Petition. This Court thereafter received another *pro*

*se* document from Petitioner, which this Court forwarded to Counsel pursuant to **Commonwealth v. Jette**, 23 A.3d 1032 (Pa. 2011).

Initially, we address the Commonwealth's argument in its response that the Petition is a legal nullity because Petitioner allegedly filed it while represented by counsel. The Commonwealth contends that at the time of the Petition's deemed date of filing, February 13, 2025, Petitioner was represented by counsel by way of the trial court's February 12, 2025 order. Citing **Commonwealth v. Ali**, 10 A.3d 282 (Pa. 2010), the Commonwealth argues that the *pro se* Petition constituted hybrid representation and should be considered a legal nullity. We disagree with the Commonwealth.

In **Commonwealth v. Cooper**, 27 A.3d 994 (Pa. 2001), our Supreme Court addressed the issue of whether a *pro se* notice of appeal should be considered a legal nullity when he was represented by counsel.[4] **Id**. at 995. The Court examined the seminal case on hybrid representation, **Commonwealth v. Ellis**, 626 A.2d 1137 (Pa.Super. 1993), along with, *inter alia*, Pa.R.Crim.P. 576 and Pa.R.A.P. 905, and concluded that a *pro se* notice of appeal filed by an appellant while represented by counsel "definitely was not a 'nullity.'" **Cooper**, 27 A.3d at 1007. Counsel asserts in his application

---

[4] More specifically, the **Cooper** Court addressed "the effect of a *pro se* notice of appeal forwarded to the Superior Court by a counseled criminal defendant, where counsel, who was not made aware of the *pro se* notice, subsequently files a timely post-sentence motion which is denied by the trial court, and then a second, timely notice of appeal." **Id**. at 995.

to amend that **Cooper** and Pa.R.A.P. 121(g) stand for the proposition that any *pro se* filing that perfects an appellate court's jurisdiction cannot be considered a legal nullity, even if it constitutes hybrid representation on its face. While we disagree with Counsel's broad assertion, we agree that **Cooper** precludes treating the instant *pro se* Petition as a legal nullity.

The **Cooper** Court addressed a case more similar to the instant situation, **Commonwealth v. Piscanio**, 608 A.2d 1027 (Pa. 1992), in which our Supreme Court treated a *pro se* notice of appeal from the pre-trial denial of bail as a legal nullity.[5] **Id**. at 1029 n.3. The **Cooper** Court distinguished **Piscanio** on three grounds: (1) the "legal nullity language . . . was not a part of the holding in **Piscanio**, but rather confined to a footnote noting that the defendant was never granted leave to proceed *pro se*," **Cooper**, 27 A.3d at 1007 n.19 (citing **Piscanio**, 27 A.3d at 1029 n.3); (2) criminal proceedings were still ongoing in **Piscanio** at the time of the *pro se* bail appeal, and "the defendant's continued representation by counsel apparently was clear;" and (3) "an appeal from the denial of bail is interlocutory (and collateral to the main issues at trial), while an appeal from a judgment of sentence is not."

---

[5] **Piscanio** was decided many years prior to the addition in 2020 of Chapter 16 of the Pennsylvania Rules of Appellate Procedure, which created a new avenue by which a defendant may seek specialized, pre-sentence review of bail dispositions. **See** Pa.R.A.P. 1610. Rule 1610, however, is based on the type of bail application previously authorized by Pa.R.A.P. 1762(b)(2) (2019) and Pa.R.A.P. 1762(a)(2) (1993), but through the new vehicle of Petitions for Specialized Review.

*Cooper*, 27 A.3d at 1007 n.19. The distinction between a *pro se* interlocutory appeal and a *pro se* direct appeal is important because "a notice of appeal protects a constitutional right, [and therefore] it is distinguishable from other filings that require counsel to provide legal knowledge and strategy in creating a motion, petition, or brief." *Commonwealth v. Hopkins*, 228 A.3d 577, 581 (Pa.Super. 2020) (quoting *Commonwealth v. Williams*, 151 A.3d 621, 624 (Pa.Super. 2016)).

Because a Pa.R.A.P. 1610 petition does not invoke a constitutional right of appeal, we cannot agree with counsel that *Cooper* suspends consideration of whether a *pro se*, Rule 1610 petition constitutes hybrid representation.[6] We find, however, that the *Cooper* Court's second factor compels us to conclude that the Petition "definitely was not a legal 'nullity.'" *Cooper*, 27 A.3d at 1007. In evaluating whether Petitioner's "continued representation by counsel [was] apparently [. . .] clear," *id.* at 1007 n.19, we observe that while the trial court purported to grant the Public Defender's withdrawal request and appoint counsel at the February 3rd hearing, it did not formally withdraw the Public Defender's representation on the docket until February 19, 2025. The docket does not mention newly-appointed counsel,

---

[6] The Commonwealth cites, without elaboration, *Commonwealth v. Ali*, 10 A.3d 282 (Pa. 2010), in support of its contention that the Petition is a legal nullity. We conclude reliance on *Ali* is unavailing, as *Ali* addresses whether a *pro se* Pa.R.A.P. 1925(b) statement, a markedly different filing from a notice of appeal or even Petition for Specialized Review, was a legal nullity.

- 8 -

Attorney Sichko, until February 18, 2025, when he was served with the notice of a status hearing. Attorney Sichko did not enter his appearance until February 19, 2025. Even if, as Counsel avers in his application to amend, the trial court appointed Attorney Sichko on February 12, 2025, the Petition is dated February 7, 2025, and this Court did not receive the Petition until February 13, 2025. In all likelihood, Petitioner filed the petition sometime before February 12, 2025, the earliest averment of Attorney Sichko's appointment. Accordingly, we do not deem the *pro se* Petition a legal nullity.

Our Supreme Court in *Interest of N.E.M.*, 311 A.3d 1088 (Pa. 2024), examined Chapter 16 of the Pennsylvania Rules of Appellate Procedure. In reviewing this Court's treatment of a Pa.R.A.P. 1612 Petition for Specialized Review of an order of out-of-home placement, the Supreme Court emphasized that the Petition for Specialized Review was, in fact, an expedited appeal, of which the appellate courts do not have discretion to grant or deny permission to appeal. *See id*. at 1101 ("[T]he expedited review provided for by Appellate Rule 1612 is afforded to juvenile petitioners as of right. The Superior Court lacks the discretion to decide whether to grant or deny these petitions for specialized review."). Subsequently, this Court in *Commonwealth v. Miller*, 319 A.3d 575 (Pa. Super. 2024), held that the Supreme Court's holding in *N.E.M.* extends to Pa.R.A.P. 1610 Petitions for Specialized Review of bail orders. As Counsel for Petitioner argues in his application to amend the

- 9 -

Petition, our Supreme Court has admonished against treating *pro se* notices of appeal as legal nullities merely because of hybrid representation.

We accordingly address the *pro se* Petition and Counsel's application to amend. Counsel contends that remand is necessary because Petitioner was permitted to proceed *pro se* at the bail hearing without the benefit of a colloquy pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). Counsel contends that the bail hearing is a critical stage at which the trial court was required to perform a colloquy about Petitioner's waiver of his right to counsel before permitting him to argue the bail motion *pro se*. Counsel asserts that this Court cannot review the merits of Petitioner's appeal properly in light of the deprivation of Petitioner's right to counsel. We agree.

A defendant has a constitutional right to waive his right to counsel and proceed *pro se*, as long as the request is timely, not made for purposes of delay, and is made knowingly, voluntarily, and intelligently. **See Commonwealth v. Brooks**, 104 A.3d 466 (Pa. 2014). The request to proceed *pro se* must also be clear and unequivocal. **Commonwealth v. Davido**, 868 A.2d 431, 438 (Pa. 2005). A review of the notes of testimony undeniably indicates that Petitioner's request to proceed *pro se* was equivocal: the trial court ensured Petitioner was "clear-headed," N.T., 2/3/25, at 5; Petitioner conceded he did not believe he had the legal knowledge to represent himself adequately; Petitioner admitted he was seeking *pro se* status because he was unhappy with prior counsels' representation; and the trial court stated,

"I'll appoint a new lawyer for you." *Id.* at 10. The court clearly confirmed to all parties that Petitioner was not to proceed *pro se*, but rather with new counsel to be appointed by the court. At this juncture, the trial court should not have conducted a hearing with Petitioner's proceeding *pro se*. Accordingly, we conclude that the bail hearing proceeded with Petitioner improperly arguing his case *pro se*. We vacate the February 3, 2025 order denying Petitioner's motion for modification of bail and remand for a new hearing to take place within fourteen (14) days of the filing of this Memorandum.[7]

We also must address Petitioner's multiple filings with this Court between the time of the filing of his Petition and Counsel's entry of appearance. In short, Petitioner filed applications seeking to expedite the disposition of the instant Petition because of his age and health. Although Petitioner filed these applications while he most likely was represented by Attorney Sichko, we decline to deem them as nullities because the applications may be construed as complaining about counsel's representation. **See** Pa.R.A.P. 121(g). In light of our disposition, however, we deny the applications as moot, with the exception of his application to proceed *in forma*

---

[7] We note that Counsel, Attorney Pass, was appointed only for purposes of this appeal. This appointment and limitation was presumably in place because Attorney Sichko informed the trial court that his firm does not handle appeals. Upon remand, the trial court shall make an immediate determination as to whether Attorney Sichko or Attorney Pass will represent Petitioner at the new hearing.

- 11 -

*pauperis*, which we deny as moot without prejudice for Petitioner to seek the same relief with the trial court.

Counsel's Application to Amend Petition for Specialized Review is **GRANTED**. The trial court's February 3, 2025 order is **VACATED**. February 21, 2025 emergency application for expedited review is **DENIED AS MOOT**. February 24, 2025 application for emergency stay is **DENIED AS MOOT**. February 25, 2025 application to proceed *in forma pauperis* is **DENIED AS MOOT** without prejudice. March 6, 2025 application requesting copies is **DENIED AS MOOT**. March 14, 2025 emergency motion objecting to order for appointment of counsel is **DENIED AS MOOT**. March 20, 2025 application to adjust docketing date is **DENIED AS MOOT**. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/14/2025