476 A.2d 7

**COMMONWEALTH of Pennsylvania**

**v.**

**Randall HALL, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 15, 1983.

Filed April 6, 1984.

Reargument Denied June 18, 1984.

Frank J. Marcone, Media, for appellant.

Dennis C. McAndrews, Assistant District Attorney, Media, for Commonwealth, appellee.

Before CAVANAUGH, MONTEMURO and HESTER, JJ.

HESTER, Judge:

On June 21, 1980, the victim, Wanda Nicholson, a.k.a., Wanda Cooper, was arguing with appellant's wife, Patty Hall, in the trolley loop on Main Street, Darby, Delaware County, Pennsylvania. Miss Nicholson was brandishing a knife and Mrs. Hall held a beer bottle; it was obviously a violent altercation. Appellant, Randall Hall, and another man separated the women. Appellant led his wife into the nearby Bus Stop Bar and Miss Nicholson walked under the other man's supervision across the street to Cook's Bar.

Shortly thereafter, Miss Nicholson left Cook's Bar and upon reaching the street, noticed appellant on the opposite side chiding her and holding a handgun. While clutching a knife, the victim approached appellant, cursed him and proclaimed her lack of fear. Appellant fired two or three shots at the victim in an apparent attempt to dissuade her from confronting him. She would not relent, however. When she was within arms-length of him, appellant fired a final time and fatally wounded her in the upper portion of her left chest cavity.[1]

Appellant immediately departed the scene and remained at large for two months. He was apprehended on August 25, 1980 in Montgomery County. Appellant was charged with murder in the first degree, murder in the third degree,

---

[1]. During his marriage, appellant attempted to engage in a romantic relationship with the victim. During the early months of 1980, and prior to the criminal incident, the victim publicly chastised appellant. Appellant was humiliated. He responded by striking the victim's face with his fist and threatening to get even. On the day of the victim's death, appellant quarreled with the victim in the Bus Stop Bar and struck her again. The altercation between appellant's wife and the victim was apparently the result of appellant's relationship with the victim.

voluntary manslaughter, involuntary manslaughter, simple assault, aggravated assault, recklessly endangering another person, owning a firearm as a former convict and carrying a firearm without a license.

Following a lengthy pre-trial period during which appellant filed several petitions and three appeals to this Court, a jury trial finally commenced on March 11, 1981. A verdict of guilty was returned on voluntary manslaughter and possession of a firearm without a license. Post-trial motions were denied and appellant was sentenced to a combined term of imprisonment of seven and one-half to fifteen years. This appeal was taken from the judgment of sentence entered December 22, 1981.

It is appellant's first contention that the lower court erred in proceeding to trial while his separate appeals from orders denying his pre-trial motions for writ of habeas corpus and to recuse the trial judge were pending. Our disposition of this issue does not require addressing appellant's remaining arguments.

On January 17, 1981, appellant, with the assistance of counsel, filed a motion for writ of habeus corpus. It was denied on January 22, 1981, and appellant followed with a timely *pro se* appeal therefrom on February 4, 1981. On February 18, 1981, appellant filed a *pro se* motion to recuse the trial judge. It too was denied, prompting appellant to file a *pro se* appeal therefrom on February 26, 1981. Also on February 26, 1981, but at a time earlier to the filing of the appeal on February 26th, appellant was granted leave by the lower court to proceed pro se.[2]

The trial court instituted trial on March 11, 1981 despite the pending two appeals. The court was of the apparent belief that the appeals were improperly filed due to the interlocutory and nonappealable nature of the orders from which the appeals were taken. Indeed, the separate ap-

---

**2.** Appellant was granted leave to proceed pro se by the Court of Common Pleas of Delaware County on February 26, 1981 at 2:40 p.m. He filed a pro se notice of appeal from the order denying his motion to recuse the trial judge on February 26, 1981 at 2:57 p.m.

peals from the aforementioned two pre-trial orders were eventually quashed on those grounds; however, the appeals were not quashed by this Court until August 10, 1981, five months following commencement of trial.

■ Under Pa.R.A.P. No. 1701(a), the subject matter jurisdiction of the lower court is removed for so long as an appeal from an order issued earlier in the proceedings is pending. This removal of subject matter jurisdiction applies only to the extent of precluding the trial court from proceeding on issues related to the matter on appeal. P.R. A.P. No. 1701(c). See also *Corace v. Balint*, 418 Pa. 262, 210 A.2d 882 (1965); *Commonwealth v. Borris*, 280 Pa.Super. 369, 421 A.2d 767 (1980). This remains so despite the fact that the lower court is proven correct in its belief that the appeal will be quashed due to the interlocutory and nonappealable nature of the lower court order.

■ The lower court did not err in instituting trial due to appellant's pending appeal from the order denying his motion for a writ of habeas corpus. That appeal was filed pro se prior to appellant's acquiring leave to proceed pro se. An accused's pro se actions have no legal effect while defense counsel remains authorized to represent the accused in all aspects of the proceedings. *Commonwealth v. Williams*, 270 Pa.Super. 27, 410 A.2d 880 (1979). As a result, appellant's pro se appeal from the denial of his petition for a writ of habeas corpus was a nullity which would not prevent the lower court from instituting trial.

■ Unfortunately, we cannot reach the same result with respect to appellant's pro se appeal from the order dismissing the motion to recuse the trial judge. That appeal was commenced in pro se form a mere seventeen (17) *minutes* following the granting of leave to proceed pro se. Having been properly filed in pro se form, that appeal must be accorded legal effect. We must hold, therefore, that the lower court erred in instituting trial while the appeal from the order denying appellant's motion to recuse the trial judge was pending.

Had the instant matter come to trial following the effective date (September 15, 1983) of Pa.R.A.P. No. 1701(b)(6), both appeals from the denial of the pre-trial orders would not have held lower court proceedings in abeyance. This subsection authorizes the trial court to "[proceed] further in any matter in which a nonappealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order." Inasmuch as both appeals here were taken from a "nonappealable interlocutory order," Rule 1701(b)(6), had it applied, would sanction the lower court trial in March, 1981. Rule 1701(b)(6) has no such retroactive effect on this case however.

Pennsylvania Rules of Civil Procedure No. 1701(c), which was in effect throughout the lower court proceedings, also cannot countenance the institution of trial. Rule 1701(c) prevents the trial court from proceeding only on the "item, claim or assessment adjudged in the matter [that] is involved in an appeal." Appellant sought recusal of the trial judge due to the jurist's alleged prejudice, his alleged hostility, the fact that he was a named-defendant in a civil case filed by appellant and the fact that appellant reported him to the Judicial Inquiry and Review Board and the Federal Bureau of Investigation. These allegations in support of recusal are tightly intertwined with appellant's right to a fair trial. Therefore, we cannot reasonably hold that the order denying recusal was an "item, claim or assessment" separate and distinct from issues covered at trial.

The Commonwealth correctly points out that appellant raises for the first time on this appeal the lower court error in proceeding to trial without jurisdiction. Nevertheless, we cannot agree with the Commonwealth that appellant's failure to raise the jurisdictional question at trial or during post-trial motions amounts to waiver. It is axiomatic that subject matter jurisdiction is nonwaivable. *Martin v. Soblotney*, 296 Pa.Super. 145, 442 A.2d 700 (1982); *Commonwealth ex rel. Posnansky v. Posnansky*, 210 Pa.Super. 280, 232 A.2d 73 (1967).

■ Obviously, the case, sub judice, is an example of those which precipitated the adoption of Rule 1701(b)(6). We are relieved that appeals from interlocutory and nonappealable orders will no longer bar lower court proceedings. The record here reflects that appellant had inundated the lower court with numerous pre-trial motions and numerous appeals, most of which had negligible merit. Appellant's behavior had obstructed legal process, unduly agitated both the prosecutor and defense counsel and inflicted unnecessary and unprovoked hardship upon the trial judge and other servants of the court. We are relieved that Rule 1701(b)(6) will henceforth alleviate some of the difficulties created by obstreperous defendants. We regret however that Rule 1701(b)(6) offers no relief in this appeal.

Reversed and remanded for new trial. Jurisdiction is relinquished.