J-S70018-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JONATHAN DEWILLIAMS | |
| Appellant | No. 705 EDA 2014 |

Appeal from the Judgment of Sentence February 26, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002419-2013

BEFORE:  LAZARUS, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED DECEMBER 23, 2014**

Appellant, Jonathan DeWilliams, appeals *pro se*[1] from the February 26, 2014, aggregate judgment of sentence of three to six years' imprisonment, plus five years' probation, imposed after Appellant was found guilty of one count each of possession with intent to deliver a controlled substance (PWID), intentional possession of a controlled substance, possession of drug

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that Appellant's co-defendant, Michael Collins, also appeals from his judgment of sentence in this matter.  Collins' appeal is pending before this Court at 601 EDA 2014.  We further observe that a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998) was conducted on or about October 8, 2014, pursuant to a remand order from this Court.  *See* Trial Court Order, 10/8/14, at 1; Superior Court Order, 8/8/14, at 1.

paraphernalia, and three counts of criminal conspiracy.[2]    After careful

review, we affirm.

The trial court summarized the relevant factual and procedural

background of this case as follows.

> [Appellant] was arrested on February 23, 201[3].  He was one of three passengers in a vehicle that was driven by his co-defendant Michael Collins. The vehicle bore stolen registration plates.  All four occupants were removed from the vehicle and three packets of heroin were removed from the area between the driver's seat and the center console. Several "bundles" of heroin and seven loose baggies of heroin were also discovered in the "map pocket" on the back of the front passenger seat.  [Appellant] sat in the rear passenger seat.  All of the occupants of the car were arrested and transported to police headquarters.  At the time of his arrest [Appellant] was carrying three cell phones and four[-]hundred and fifty dollars in cash in multiple denominations. In a holding cell, Charles Williams, the front seat passenger, attempted to flush eleven packets of heroin down the toilet.

Trial Court Opinion, 4/30/14, at 1.

On May 8, 2013, the Commonwealth filed an information, charging

Appellant with the above-mentioned offenses.  On December 17, 2013,

Appellant proceeded to a two-day jury trial, at the conclusion of which the

jury found Appellant guilty of all charges.  On February 26, 2014, the trial

court imposed an aggregate sentence of three to six years' imprisonment,

---

[2] 35 P.S. §§ 780-113(a)(30), 780-113(a)(16), 780-113(a)(32), and 18 Pa.C.S.A. § 903(c), respectively.

plus five years' probation.[3]   Appellant did not file a post-sentence motion.

On February 27, 2014, Appellant filed a *pro se* notice of appeal.[4]

On appeal, Appellant raises three issues for our review.

> A.   Did the trial court error [sic] in allowing the jury to convict Appellant for [PWID] and related charges, given that the Commonwealth fail [sic] to prove actual or joint constructive possession because Appellant [sic] co-defendant testify [sic] that he was the sole possessor?
>
> B.   Did the trial court error [sic] in allowing the jury to convict Appellant for conspiracy to

---

[3] Specifically, the trial court sentenced Appellant to three to six years' imprisonment plus five years' probation for PWID.  The trial court further sentenced Appellant to three to 12 months' imprisonment for possession of drug paraphernalia, 20 to 40 months' imprisonment for one count of criminal conspiracy, and 3 to 12 months' imprisonment plus two years' probation for the second count of criminal conspiracy.  The trial court imposed no further penalty on the remaining charges.  All terms of imprisonment were to run concurrently with each other.

[4] We have held that a criminal defendant's *pro se* actions have no legal effect while he or she remains represented by counsel. ***Commonwealth v. Hall***, 476 A.2d 7, 9-10 (Pa. Super. 1984); ***see also Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa. Super. 2007) (noting that a defendant's *pro se* filings while represented by counsel are legal nullities), *appeal denied*, 936 A.2d 40 (Pa. 2007).  However, our Supreme Court has held that a *pro se* notice of appeal filed by an appellant while represented by counsel shall be considered merely premature if counsel and the trial court take appropriate actions to perfect the appeal. ***Commonwealth v. Cooper***, 27 A.3d 994, 1008 (Pa. 2011).  As noted above, on remand from this Court, the trial court conducted a ***Grazier*** hearing, after which counsel was dismissed and Appellant was permitted to proceed *pro se*.  In our view, this perfects the appeal for the purposes of ***Cooper***.  Accordingly, we have jurisdiction to address the merits of the appeal.  We further note that Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

[commit PWID] and related charges, given that the evidence fail [sic] to prove that Appellant engage [sic] in a conspiracy?

C. Did the trial court error [sic] in not addressing Appellant [sic] weight claim when the issue was properly preserve [sic] in the [trial] court because the testimony and jury verdict is so contrary to the evidence as to shock ones [sic] sense of justice?

Appellant's Brief at 4.

Appellant's first two issues on appeal challenge the sufficiency of the Commonwealth's evidence. We begin by noting our well-settled standard of review. "In reviewing the sufficiency of the evidence, we consider whether the evidence presented at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the verdict winner, support the jury's verdict beyond a reasonable doubt." *Commonwealth v. Patterson*, 91 A.3d 55, 66 (Pa. 2014) (citation omitted). "The Commonwealth can meet its burden by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." *Commonwealth v. Watley*, 81 A.3d 108, 113 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted), *appeal denied*, 95 A.3d 277 (Pa. 2014). As an appellate court, we must review "the entire record … and all evidence actually received[.]" *Id.* (internal quotation marks and citation omitted). "[T]he trier of fact while passing upon the

credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence." ***Commonwealth v. Kearney***, 92 A.3d 51, 64 (Pa. Super. 2014) (citation omitted), *appeal denied*, 101 A.3d 102 (Pa. 2014). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Diamond***, 83 A.3d 119, 126 (Pa. 2013) (citation omitted), *cert. denied*, ***Diamond v. Pennsylvania***, 135 S. Ct. 145 (2014).

Appellant challenges his convictions for PWID and criminal conspiracy, the respective statutes for which provide, in relevant part, as follows.

### § 780-113. Prohibited acts; penalties

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

…

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

…

35 P.S. § 780-113(a)(30).

### § 903. Criminal conspiracy

**(a) Definition of conspiracy.--**A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

- 5 -

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

**(b) Scope of conspiratorial relationship.--**If a person guilty of conspiracy, as defined by subsection (a) of this section, knows that a person with whom he conspires to commit a crime has conspired with another person or persons to commit the same crime, he is guilty of conspiring with such other person or persons, to commit such crime whether or not he knows their identity.

**(c) Conspiracy with multiple criminal objectives.--**If a person conspires to commit a number of crimes, he is guilty of only one conspiracy so long as such multiple crimes are the object of the same agreement or continuous conspiratorial relationship.

18 Pa.C.S.A. § 903.

In his first issue on appeal, Appellant avers that the Commonwealth failed to produce sufficient evidence to show, at a minimum, that Appellant was in constructive possession of the controlled substance in question. Appellant's Brief at 8. In his second issue, Appellant argues the

Commonwealth failed to prove sufficient evidence of an agreement in order to sustain his conspiracy convictions.[5] *Id.* at 15.

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013) (citation omitted), *appeal denied*, 78 A.3d 1090 (Pa. 2013). Furthermore, "[t]o sustain a conviction for criminal conspiracy, the Commonwealth must establish that the defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal

---

[5] Appellant has filed an application for relief and an application for remand with this Court, seeking a remand to amend his counseled Rule 1925(b) statement to specify the elements of criminal conspiracy that he believes the Commonwealth failed to prove. It is true, that Appellant's counseled Rule 1925(b) statement did not specify which elements of criminal conspiracy lacked sufficient supporting evidence. Appellant is correct that this would ordinarily result in waiver. *See generally Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013). However, Appellant filed a *pro se* Rule 1925(b) statement that did contain the specific element of agreement. *See* Appellant's *Pro Se* Rule 1925(b) Statement. 2/27/14, at ¶ 4. In light of this filing and the *Grazier* hearing conducted, we decline to find this issue waived, and will address the merits thereof. As a result, all of Appellant's applications are denied as moot.

intent[,] and (3) an overt act was done in furtherance of the conspiracy."

***Commonwealth v. McCall***, 911 A.2d 992, 996 (Pa. Super. 2006).

> The essence of a criminal conspiracy is the common understanding that a particular criminal objective is to be accomplished. Mere association with the perpetrators, mere presence at the scene, or mere knowledge of the crime is insufficient. Rather, the Commonwealth must prove that the defendant shared the criminal intent, *i.e.*, that the [defendant] was an active participant in the criminal enterprise and that he had knowledge of the conspiratorial agreement. The defendant does not need to commit the overt act; a co-conspirator may commit the overt act.

***Commonwealth v. Lambert***, 795 A.2d 1010, 1016 (Pa. Super. 2002) (internal citations and quotation marks omitted), *appeal denied*, 805 A.2d 521 (Pa. 2002).

In the case *sub judice*, the Commonwealth presented the following evidence. Officer Robert McCaughan of the Clifton Heights Police Department testified that he pulled over Appellant and his co-defendants. N.T., 12/17/13, at 102-103. Appellant was found with three cell phones on his person along with a credit card, and $450.00 in cash. ***Id.*** at 111. In the car, the police found a total of 182 packets of heroin. ***Id.*** at 113. Some of the packets were found in the map pocket on the back of the front passenger seat, an area to which Appellant had immediate access. ***Id.*** at 111. The Commonwealth also presented Sergeant Michael Boudwin, who was qualified as an expert in the field of drugs and drug paraphernalia. ***Id.*** at 167. Sergeant Boudwin testified that the street value of the heroin found

was approximately $1,800.00. **_Id._** at 171, 177. Sergeant Boudwin further testified that it was common for drug dealers to have multiple cell phones, to separate personal calls from those to buyers and suppliers. **_Id._** at 176.

Based on the above, we conclude the Commonwealth presented sufficient evidence to prove, at a minimum, constructive possession. As noted above, Appellant was found in a confined space with $1,800.00 worth of heroin that was individually packaged. Furthermore, Appellant was the occupant of the vehicle in possession of the largest amount of currency as well as the three mobile phones on his person. The jury was permitted to believe the officers' testimony, and infer that Appellant was a part of a heroin distribution business. **_See Kearney_**, **_supra_**. Appellant asserts the evidence was nevertheless insufficient, noting his co-defendant Charles Williams, who was found in actual possession of the heroin, testified that he was the only possessor of the heroin. N.T., 12/18/13, at 29. The jury, however, was permitted to believe all, some, or none of Williams' testimony. **_See Kearney_**, **_supra_**. On the same evidence, the jury was also free to infer that Appellant agreed with Williams and Collins to distribute heroin to various buyers from the car in which they were passengers. Based on these considerations, we conclude the Commonwealth produced sufficient evidence of constructive possession, as well as of an agreement between Appellant

and his cohorts.[6] *See Diamond*, *supra*. As a result, Appellant is not entitled to relief on this issue.

In his third issue on appeal, Appellant avers that the jury's verdict was against the weight of the evidence. Appellant's Brief at 16. However, before we may address the merits of this argument, we must ascertain whether it has been properly preserved for our review. Pennsylvania Rule of Criminal Procedure 607 governs claims challenging the weight of the evidence and provides in relevant part as follows.

> **Rule 607. Challenges to the Weight of the Evidence**
>
> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
>> (1) orally, on the record, at any time before sentencing;

---

[6] To the extent Appellant's brief argues that the Commonwealth did not provide sufficient evidence to establish an overt act, we note this element was not addressed in either his *pro se* or counseled Rule 1925(b) statements. As such, we deem this issue waived. *See* Pa.R.A.P. 1925(b)(4)(vii) (stating, "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived[]"); *accord Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011). However, we point out that even if the issue was not waived, Appellant would not be entitled to relief. As noted above, it is not essential that Appellant himself commit the overt act as "a co-conspirator may commit the overt act." *Lambert*, *supra*. In this case, Williams admitted that he possessed the heroin with the intent to distribute it to others. N.T., 12/18/13, at 28. Additionally, Williams testified that he gave Collins three packets of heroin. *Id.* at 26.

(2) by written motion at any time before sentencing; or

(3) in a post-sentence motion.

…

Pa.R.Crim.P. 607(A). It is axiomatic that "[a] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing … [and f]ailure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion." ***Commonwealth v. Griffin***, 65 A.3d 932, 938 (Pa. Super. 2013) (internal citations omitted), *appeal denied*, 76 A.3d 538 (Pa. 2013); ***see also*** Pa.R.A.P. 302(a) (stating, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal[]").

In the case *sub judice*, Appellant did not file a post-sentence motion. Appellant did file a post-verdict motion for a new trial before sentencing, but the only claims contained therein addressed the sufficiency of the Commonwealth's case. Furthermore, we have reviewed the sentencing transcript, and at no point did Appellant raise any claim that the verdict was against the weight of the evidence. As a result, we agree with the trial court that Appellant has waived his claim that the jury's verdict was against the weight of the evidence. ***See Griffin***, ***supra***.

Based on the foregoing, we conclude that all of Appellant's claims on appeal are either waived or devoid of merit. Accordingly, the trial court's February 26, 2014 judgment of sentence is affirmed.

Judgment of sentence affirmed. Applications for relief denied. Application for remand denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/23/2014