J-S50010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ODELL QUARN CANNON | |
| Appellant | No. 2642 EDA 2014 |

Appeal from the Order August 18, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003756-2006

BEFORE:  PANELLA, J., MUNDY, J., and JENKINS, J.

JUDGMENT ORDER BY PANELLA, J.                **FILED OCTOBER 20, 2015**

Appellant, Odell Quarn Cannon, purports to appeal from the denial of his oral request to waive the right to counsel and proceed *pro se*, announced in open court on August 18, 2014.  Additionally, Appellant's appointed counsel, Stuart R. Crichton, Esquire, has filed a petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967).[1]  After review, we quash the appeal and deny counsel's petition to withdraw.

---

[1] We note that Attorney Crichton has erroneously filed a petition to withdraw as Counsel pursuant to the ***Anders*** standard for withdrawal.  ***See Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (counsel petitioning to withdraw from PCRA representation must proceed under ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)).

We set forth only so much of the procedural history as is necessary to our analysis. On May 22, 2010, a jury convicted Cannon of third degree murder and criminal conspiracy to commit aggravated assault. On July 7, 2010, the trial court sentenced Cannon to an aggregate term of 25 to 50 years' incarceration. On October 26, 2011, this Court affirmed Cannon's judgment of sentence. *See Commonwealth v. Cannon*, 37 A.3d 1244 (Pa. Super. 2011). Cannon did not seek discretionary review with the Pennsylvania Supreme Court.

On May 8, 2012, Cannon filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who subsequently filed an amended PCRA petition. The PCRA court issued Pa.R.Crim.P. 907 notice. Thereafter, Cannon filed a multitude of *pro se* filings in connection to his PCRA petition, which the PCRA court variably forwarded to appointed counsel or denied outright. On May 13, 2013, the PCRA court appointed Attorney Crichton as counsel, who filed a response to the court's Rule 907 notice on December 20, 2013.

At a PCRA evidentiary hearing held on August 18, 2014, Cannon orally requested permission to proceed *pro se*.[2] Given that the request was belatedly made in the midst of the proceedings, at which Attorney Crichton

---

[2] By handwritten letter dated August 13, 2014, Cannon had instructed the Clerk of Court to file with the lower court a request to proceed *pro se*. The letter was not filed until August 25, 2014, several days after the PCRA evidentiary hearing had concluded.

was present, the PCRA court denied Cannon's request. **See** N.T., PCRA Hearing, 8/18/14 at 28-30. This *pro se* appeal followed.

Preliminarily, we must determine whether this appeal is properly before us. At the time Cannon filed the instant *pro se* appeal, he was represented by Attorney Crichton. It is axiomatic that "[a]n accused's *pro se* actions have no legal effect while defense counsel remains authorized to represent the accused in all aspects of the proceedings." **Commonwealth v. Hall**, 476 A.2d 7, 9-10 (Pa. Super. 1984) (citation omitted). "The proper response to any *pro se* pleading is to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion." **Commonwealth v. Jette**, 23 A.3d 1032, 1044 (Pa. 2011).

To date, this Court has not received a notice of appeal from Attorney Crichton. As Cannon had no right to file a *pro se* notice of appeal, it was a legal nullity. **See**, **e.g.**, **Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010) (Appellant's *pro se* Rule 1925(b) statement filed while represented by counsel was a legal nullity and thus did not preserve any issues on appeal); **Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007) (*pro se* post-sentence motion failed to preserve challenge to discretionary aspects of sentence where Appellant was represented by counsel; *pro se* motion was nullity with no legal effect). Based on the foregoing, we quash Appellant's appeal.

Appeal quashed. Motion to withdraw as counsel denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/20/2015</u>