J-S51001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENNETH JOHN SHAFFER | |
| Appellant | No. 2682 EDA 2015 |

Appeal from the Judgment of Sentence July 7, 2015
In the Court of Common Pleas of Wayne County
Criminal Division at No(s): CP-64-CR-0000042-2006

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JUNE 03, 2016**

Appellant, Kenneth John Shaffer, appeals from the judgment of sentence entered in the Wayne County Court of Common Pleas, following his guilty plea to rape of a child, involuntary deviate sexual intercourse ("IDSI"), statutory sexual assault, aggravated indecent assault, indecent exposure, and corruption of minors.[1]  We remand with instructions.

This Court previously set forth most of the relevant facts and procedural history of this case as follows:

> On May 12, 2006, [Appellant] pled guilty to two counts each of aggravated indecent assault and corruption of a minor, and one count each of rape of a child, [IDSI],

_____

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(a)(7), 3122.1, 3125(a)(7), 3125(a)(8), 3127(a), 6301(a)(1), respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

statutory sexual assault and [indecent exposure].  On September 11, 2006, the trial court sentenced [Appellant] to an aggregate sentence of 16 years and 6 months to 45 years in prison.  [Appellant] filed a Motion for reconsideration of sentence, which the trial court denied.  Thereafter, the Commonwealth filed a Petition to Amend Sentence, averring that there was an error in the sentencing computation, but that the total sentence imposed was appropriate.  On December 14, 2012, the trial court entered an Order which clarified that [Appellant's] total sentence is 15 years and 6 months to 45 years in prison.  Subsequently, on February 28, 2013, the trial court entered another Order that amended the December 14, 2012 sentencing Order to read that [Appellant's] total sentence is 16 years and 6 months to 45 years in prison.

On July [19], 2013, [Appellant], *pro se*, filed [a Post Conviction Relief Act ("PCRA")[2]] Petition.  The PCRA court appointed Attorney Collins as counsel.  Attorney Collins filed an amended PCRA Petition on [Appellant's] behalf alleging improper sentencing on the rape of a child count.  The PCRA court and the Commonwealth agreed that a sentencing error was made in relation to the rape of a child count.  Accordingly, the PCRA court vacated the sentence imposed on that count only.  On [March 4], 2014, following a hearing, the PCRA court resentenced [Appellant] solely on the rape of a child count to 66 months to 20 years in prison.  Based on this resentencing, [Appellant's] new total aggregate sentence was 16 to 45 years in prison. [Appellant] filed a Motion for reconsideration of sentence, which the PCRA court denied on March [12], 2014.

***Commonwealth v. Shaffer***, No. 1085 EDA 2014, unpublished memorandum at 1-3 (Pa.Super. filed November 26, 2014) (footnotes omitted).

On November 26, 2014, this Court vacated Appellant's judgment of

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

sentence in its entirety and remanded for resentencing on all counts.[3] The trial court resentenced Appellant on July 7, 2015, to consecutive terms of incarceration of five-and-one-half (5½) to twenty (20) years for rape of a child, five (5) to ten (10) years for IDSI, one (1) to five (5) years for statutory sexual assault, two-and-one-half (2½) to five (5) years for aggravated indecent assault (victim less than 13 years of age), and two (2) to five (5) years for aggravated indecent assault (victim less than 16 years of age). The court also imposed concurrent terms of incarceration of three (3) months to two (2) years for indecent exposure, and six (6) months to two (2) years for each count of corruption of minors. Thus, Appellant's aggregate sentence was sixteen (16) to forty-five (45) years' incarceration.

Immediately following resentencing, Attorney Collins withdrew and the court appointed new counsel "for purposes of [Appellant's] appeal only." (*See* Order, filed July 7, 2015). On July 15, 2015, Appellant filed a *pro se* post-sentence motion, which the court denied on August 3, 2015, without notice to counsel of record. Appellant filed a counseled notice of appeal on September 1, 2015. The court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), with notice to counsel of record. Appellant filed a *pro se* Rule 1925(b) statement

---

[3] This Court explained: "[W]e cannot determine from our review of the record whether the declared invalidity of the sentence on the rape of a child count would have affected the trial court's sentencing on the remaining counts[.]" *Id.* at 3.

on October 9, 2015. The court issued its Rule 1925(a) opinion on October 23, 2015, in response to Appellant's *pro se* Rule 1925(b) statement. Counsel filed an amended Rule 1925(b) statement on November 30, 2015.

Appellant raises the following issues for our review:

> WHETHER [APPELLANT] WAS DENIED A FAIR SENTENCING HEARING BY THE COURT'S REFUSAL TO APPOINT AN EXPERT AND HOLD A HEARING ON [APPELLANT'S] SVP STATUS WHICH RESULTED IN A LINGERING FAILURE OF STRUCTURAL DUE PROCESS IN THIS SENTENCING PROCEEDING.
>
> WHETHER THE SENTENCE IMPOSED ON [APPELLANT] WAS AN ILLEGAL SENTENCE BY VIRTUE OF THE SENTENCING COURT'S IMPOSITION OF A MECHANICAL SENTENCE, RATHER THAN AN INDIVIDUALIZED SENTENCE, MERELY DESIGNED TO REIMPOSE A PREVIOUSLY IMPOSED SENTENCE RATHER THAN AS A PRODUCT OF A CAREFUL WEIGHING OF THE SENTENCING FACTORS IN 42 PA.C.S.A. § 9721, IN VIOLATION OF THE FUNDAMENTAL NORMS OF THE SENTENCING PROCESS.
>
> WHETHER THE SENTENCE IMPOSED ON [APPELLANT] WAS ILLEGAL BY VIRTUE OF THE FACT THAT IT VIOLATED DUE PROCESS AND EQUAL PROTECTION AS THE RECORD SUPPORTS A PRESUMPTION THAT THE SENTENCE IMPOSED HEREIN SERVED TO VINDICATE A PRIOR SENTENCE IMPOSED BY THE COURT AND WAS NOT AN INDIVIDUALIZED SENTENCE IMPOSED THROUGH REVIEW AND CONSIDERATION OF THE SENTENCING FACTORS UNDER 42 PA.C.S.A. § 9721.

(Appellant's Brief at 4).

As a preliminary matter, "When counsel is appointed, …the appointment shall be effective until final judgment, including any proceedings upon direct appeal." Pa.R.Crim.P. 122(B)(2). **See also Commonwealth v. Corley**, 31 A.3d 293 (Pa.Super. 2011) (stating

defendant's Sixth Amendment right to counsel extends through post-sentence and direct appeal stages). Further, a defendant has no constitutional right to self-representation together with counseled representation ("hybrid representation") at the trial level or on appeal. *Commonwealth v. Ellis*, 534 Pa. 176, 626 A.2d 1137 (1993). "An accused's *pro se* actions have no legal effect while defense counsel remains authorized to represent the accused in all aspects of the proceedings." *Commonwealth v. Hall*, 476 A.2d 7, 9-10 (Pa.Super. 1984). Pennsylvania Rule of Criminal Procedure 576 states in relevant part:

**Rule 576. Filing and Service by Parties**

**(A) Filing**

\* \* \*

(4) In any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the document in the criminal case file. **A copy of the time stamped document shall be forwarded to the defendant's attorney and the attorney for the Commonwealth within 10 days of receipt.**

Pa.R.Crim.P. 576(A)(4) (emphasis added).

Instantly, on July 24, 2013, the court appointed Attorney Collins to represent Appellant in PCRA proceedings. That appointment remained effective through Appellant's resentencing on March 4, 2014, Appellant's direct appeal from the judgment of sentence entered on that date, and

Appellant's most recent resentencing on July 7, 2015. Immediately following imposition of Appellant's current sentence, the court granted Attorney Collins' request to withdraw. The court simultaneously appointed new counsel, Joseph McGraw, Esq., but stated the appointment was for purposes of Appellant's appeal only. Attorney McGraw did not file any post-sentence motions on Appellant's behalf. Appellant, however, filed a *pro se* motion for reconsideration of sentence within ten days of imposition of sentence. Appellant at no point waived his right to counsel for any stage of the proceedings. Therefore, by the terms of the court's order, Appellant was effectively denied his right to counsel during the entire ten-day window he had to file a timely post-sentence motion. Assuming the court's appointment of Attorney McGraw was effective immediately, Appellant's *pro se* motion for reconsideration of sentence would have constituted prohibited hybrid representation, requiring the clerk of courts to forward the filing to counsel of record. *See* Pa.R.Crim.P. 576(A)(4); *Hall, supra*. Nevertheless, the court ruled on Appellant's *pro se* motion for reconsideration of sentence, and the certified record contains no indication that the clerk of courts ever forwarded the motion to Attorney McGraw, pursuant to Rule 576.

Additionally, Attorney McGraw filed a notice of appeal on September 1, 2015. The court issued a Rule 1925(b) order on September 14, 2015, with notice to counsel of record. While still represented by counsel, Appellant filed a *pro se* Rule 1925(b) statement on October 9, 2015. The certified record does not indicate that the clerk of courts ever forwarded Appellant's

*pro se* Rule 1925(b) statement to Attorney McGraw. The court issued its Rule 1925(a) opinion on October 23, 2015, in response to the issues in Appellant's *pro se* Rule 1925(b) statement. Attorney McGraw subsequently filed an "amended" Rule 1925(b) statement on November 30, 2015, well beyond the twenty-one day deadline and apparently without leave of court. ***See*** Pa.R.A.P. 1925(b)(2). These procedural irregularities implicate Appellant's fundamental right to counsel and constitute a breakdown in the court's operation, which resulted in Appellant's waiver of any discretionary aspects of sentencing claims he now raises on appeal. Moreover, the trial court had no opportunity to address those claims. Under these circumstances, we conclude the best resolution of this matter is to restore Appellant to the position he would have occupied, absent these procedural irregularities. Thus, we remand the case to the trial court for further proceedings. Within ten (10) days of the filing date of this decision, counsel shall confer with Appellant and file a post-sentence motion *nunc pro tunc* raising any appropriate sentencing claims Appellant wishes to pursue, after which Appellant can file a *nunc pro tunc* appeal in due course.[4] Accordingly, we remand with instructions.

  Case remanded with instructions. Jurisdiction is relinquished.

---

[4] The trial court imposed Appellant's current sentence following remand from this Court, which directed the trial court to resentence Appellant on all counts. Therefore, Appellant can raise issues related to and within the scope of this Court's previous remand (sentencing only).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2016