J-S84042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| NOEL DEVON D. COWARD | |
| Appellant | No. 1202 EDA 2016 |

Appeal from the PCRA Order March 31, 2016
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0010435-2009

BEFORE: OLSON, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:         **FILED DECEMBER 29, 2016**

Appellant, Noel Devon D. Coward, appeals from the order entered in the Philadelphia County Court of Common Pleas denying his timely Post Conviction Relief Act[1] ("PCRA") petition. Appellant contends that his trial counsel was ineffective for failing to request a mistrial due to the introduction of evidence that may have implicated him in other uncharged crimes. We affirm.

We adopt the facts and procedural history set forth in the trial court's opinion. *See* Trial Ct. Op., 3/31/16, at 1-4. After an initial mistrial on February 5, 2013, a jury found Appellant guilty of Robbery[2] and Possession

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 3701.

of an Instrument of Crime[3] on February 8, 2013. The trial court sentenced Appellant on April 1, 2013, to an aggregate term of twelve-and-one-half to twenty-five years' imprisonment. Appellant filed a timely post-sentence motion, which the court denied on April 10, 2013. After Appellant failed to file a direct appeal, the trial court ultimately reinstated his appellate rights *nunc pro tunc* on June 12, 2013. On September 17, 2013, Appellant filed a timely direct appeal and this Court affirmed his judgment of sentence on July 15, 2014. **Commonwealth v. Coward**, 2609 EDA 2013 (Pa. Super. July 15, 2014) (unpublished memorandum). Appellant's petition for allowance of appeal was denied on October 29, 2014.

On March 3, 2015, Appellant timely filed a *pro se* PCRA petition. Appointed PCRA counsel filed an amended petition on December 29, 2015. On February 29, 2016, the PCRA court entered an order stating its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant requested a continuance to respond to the Rule 907 notice, but did not otherwise respond to the PCRA court's notice of its intent to dismiss his petition. The court dismissed the petition on March 31, 2016, and this instant timely appeal followed.

Appellant raises the following issue for our review:

> Did the [PCRA] court err in dismissing [Appellant's] amended PCRA petition when [Appellant] was prejudiced

---

[3] 18 Pa.C.S. § 907.

- 2 -

by trial counsel's failure to object to the admission of prior bad acts and to request a mistrial following the introduction of this evidence?

Appellant's Brief at 3.

Appellant argues that his trial counsel was ineffective for failing to timely object to testimony concerning "flash information" regarding a vehicle possibly involved in robberies, information which led to Appellant's arrest in the instant case. Appellant's Brief at 8-9. Appellant specifically avers the testimony implicated him in other unrelated crimes because the robberies at issue in this case did not involve the use of any vehicle. *Id.* Appellant therefore contends that the admission of this testimony was highly prejudicial and should have warranted a mistrial. *Id.* We conclude that no relief is due.

We begin by noting our standard of review

> [A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

***Commonwealth v. Charleston***, 94 A.3d 1012, 1019 (Pa. Super.), *appeal denied*, 104 A.3d 523 (Pa. 2014) (citation omitted).

As to claims of ineffectiveness, it is well settled that:

> [c]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. In Pennsylvania, we have

> refined the **Strickland** [**v. Washington**, 466 U.S. 668 (1984)] performance and prejudice test into a three-part inquiry. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. If a petitioner fails to prove any of these prongs, his claim fails.

**Id.** (some citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Barbara A. McDermott, we conclude Appellant's issue merits no relief. The trial court's opinion comprehensively discusses and properly disposes of the question presented. **See** Trial Ct. Op. at 4-7 (finding that any reference to other possible crimes was vague and *de minimis*; therefore, counsel was not ineffective for failing to raise a meritorious claim because a mistrial may only be granted when the nature of the admission unavoidably prevents a jury from rendering a fair verdict). Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judge Solano joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2016

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

Received

MAR 3 1 2016

Office of Judicial Records
Appeals/Post Trial

COMMONWEALTH OF PENNSYLVANIA    :   CP-51-CR-0010435-2009

                        :

V.                       :



CP-51-CR-0012448-2013 Comm. v. Williams, Tony L.
Opinion

7427932311

NOEL DEVON D. COWARD        :

                        :

## OPINION AND ORDER

**McDermott, J.**                                              **March 31, 2016**

### Procedural History

On February 12, 2009, the Petitioner, Noel Devon D. Coward, was arrested and charged with Robbery and related offenses. On February 5, 2013, after a mistrial before the Honorable Glynnis Hill, the Petitioner appeared before this Court for a jury trial. On February 8, 2013, the jury returned guilty verdicts to Robbery and Possession of an Instrument of Crime ("PIC"). On April 1, 2013, after reviewing the Petitioner's presentence and mental health reports, this Court imposed consecutive sentences of ten to twenty years imprisonment for Robbery and two and a half to five years for PIC.

On April 10, 2013, this Court denied the Petitioner's timely post-sentence motions. On June 12, 2013, after failing to file a timely Notice of Appeal, the Petitioner filed a Post-Conviction Relief Act ("PCRA") Petition requesting *nunc pro tunc* reinstatement of his appellate rights. On August 29, 2013, this Court granted the Petition.

On September 17, 2013, the Petitioner filed a timely Notice of Appeal. On appeal, the Petitioner claimed that this Court erred in denying the Petitioner's request for a mistrial based on this Court's admission of prior bad acts evidence and the prosecutor's opening remarks linking

the Petitioner to a robbery. On July 15, 2014, the Superior Court affirmed the Petitioner's Judgment of Sentence. On October 29, 2014, the Supreme Court denied Allowance of Appeal.

On March 3, 2015, the Petitioner filed a timely *pro se* PCRA Petition. On August 12, 2015, James F. Berardinelli, Esquire was appointed as PCRA Counsel. On December 29, 2015, PCRA Counsel filed an amended PCRA Petition. On February 26, 2016, the Commonwealth filed a Motion to Dismiss. On February 29, 2016, this Court issued a Rule 907 Notice of Intent to Dismiss. On March 15, 2016, the Petitioner, *pro se*, requested a continuance to respond to the Rule 907 Notice.[1] The Petitioner otherwise did not file a response to this Court's 907 Notice.

## Facts

On direct appeal, the Superior Court adopted this Court's statement of the facts and recited them as follows:

> On February 3, 2009, Eframe Worke was working as a cashier at Patriot Parking on 23rd and Arch Streets in Philadelphia. At about 2:30 p.m., the [Petitioner] and his unidentified co-conspirator asked Mr. Worke about the rates for the parking garage.
>
> When Mr. Worke was looking up the rates, the [Petitioner] entered the booth and held a gun to his stomach. The co-conspirator told Mr. Worke not to move and the [Petitioner] demanded cash. The [Petitioner] opened the cash drawer and took $52 U.S. Currency. The [Petitioner] took Mr. Worke's cell phone, ordered him not to move, and then left, walking towards Market Street.
>
> A few minutes later, Mr. Worke's manager arrived and called the police. Mr. Worke described the [Petitioner] to the police as in his late twenties or early thirties, skinny and about five foot six inches tall, with a lighter complexion and something funny about his front teeth. He described the co-conspirator as about six foot one inch tall,

---

[1] The Petitioner's *pro se* response to this Court's Rule 907 Notice was improper, as Petitioner was, and still is, represented by counsel. This Court forwarded the Petitioner's motion to counsel and took no further action. *See Commonwealth v. Hall*, 476 A.2d 7, 9–10 (Pa. Super. 1984) ("An accused's *pro se* actions have no legal effect while defense counsel remains authorized to represent the accused in all aspects of the proceedings."); *Commonwealth v. Jette*, 23 A.3d 1032, 1044 (Pa. 2011) ("The proper response to any *pro se* pleading is to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion.").

about 200 to 215 pounds with a darker complexion and wearing a white-hooded shirt.

Three days later, Paulos Negusse was robbed by the [Petitioner]. Mr. Negusse was working as a parking attendant at the 2030 Rittenhouse Square parking garage. On February 6[ ], 2009, at approximately 7:50 p.m., Mr. Negusse was parking cars in the garage when the [Petitioner] yelled at Nr. Negusse asking how much he would be charged to park for four hours. Believing he was a customer, Mr. Negusse approached the [Petitioner], who then pushed Mr. Negusse. The [Petitioner] and his co-conspirator put Mr. Negusse on the hood of a car and demanded money. The [Petitioner] held Mr. Negusse's neck and pointed a gun at his face. The [Petitioner] told Mr. Negusse that he would shoot him if he did not give the [Petitioner] money. They searched Mr. Negusse's pockets and took about $75 U.S. Currency from him. The [Petitioner] and his co-conspirator ran towards 21st and Market Streets.

Mr. Negusse described the [Petitioner] as a black male about five-foot-five to five-foot-six, 160 pounds, medium complexion wearing a gray knit hat and a black-hooded shirt. He described the co-conspirator as a black male about six-foot, 180 to 190 pounds, lighter complexion, and wearing a gray knit hat and dark gray jacket.

Mr. Negusse was permitted to testify as other acts evidence for the purpose of identification per a ruling by Judge Hill.

On February 11, 2009, at approximately 6:20 p.m., at 524 North 15th street, Detective Paul Guerico stopped the vehicle the [Petitioner] was driving. Detective Guerico observed that the [Petitioner] and the passenger, Terrance Wongas, matched the descriptions in a flash information regarding two gunpoint robberies in the area. Detective Guerico also noticed the [Petitioner] had a gap in his front teeth matching the description given by Mr. Worke. Detective Guerica detained both males for further investigation. A subsequent search of the vehicle pursuant to a search warrant produced a lighter that looked like a silver gun. The [Petitioner] was arrested that same day.

The flash information actually contained information regarding multiple robberies; however, only the two admissible robberies were permitted to be referenced by Detective Guerico.

On February 13, 2009, Mr. Negusse identified the [Petitioner] from a photo array. On April 6, 2009, both Mr. Worke and Mr. Negusse identified the [Petitioner] at a line-up. On August 13, 2009, Mr. Worke identified the [Petitioner] as the person who robbed him,

3

at the preliminary hearing. At the [Petitioner]'s first trial, Mr. Worke and Mr. Negusse again identified the [Petitioner] as the person who robbed them.

*Commonwealth v. Coward*, 2609 EDA 2013 at 3–4 (Pa. Super. July 15, 2014) (non-precedential decision) (internal citations omitted).

## Discussion

In his Amended Petition, the Petitioner raises a single issue for review, alleging that trial counsel was ineffective for failure to request a mistrial following testimony that disclosed unrelated criminal activity.[2] To warrant relief based on an ineffectiveness claim, a petitioner must show that such ineffectiveness "in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Jones*, 912 A.2d 268, 278 (Pa. 2006); 42 Pa.C.S. § 9543(a)(2)(ii). Counsel is presumed to have rendered effective assistance. *Commonwealth v. Weiss*, 81 A.3d 767, 783 (Pa. 2013) (*citing Commonwealth v. Sepulveda*, 55 A.3d 1108, 1117 (Pa. 2012)).

To overcome the presumption, the Petitioner has to satisfy the performance and prejudice test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The Pennsylvania Supreme Court has applied the *Strickland* test by looking to three elements, whether (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner has shown that he suffered prejudice as a result of counsel's lapse, *i.e.*, that there is a reasonable probability that the result of the proceeding would have been different. *Commonwealth v. Bennett*, 57 A.3d 1185, 1195–1196 (Pa. 2012) (*citing Commonwealth v.*

---

[2] Within his *pro se* PCRA petition, the Petitioner raised the mistrial issue and further alleged that trial counsel was ineffective for failure to (1) adequately argue a Rule 600 speedy trial motion; (2) conduct a reasonable pre-trial investigation; (3) call alibi witnesses; (4) confirm an alibi defense; and (5) preserve a Fifth Amendment due process claim. Since PCRA Counsel is presumed to raise all meritorious issues within an Amended Petition, this Court need not address the above *pro se* claims. *See Commonwealth v. Jette*, 23 A.3d 1032, 1044–1045 (Pa. 2011).

4

*Pierce*, 527 A.2d 973, 975 (Pa. 1987)). If a claim fails under any necessary element of the *Strickland* test, the court may proceed to that element first. *Bennett*, 57 A.3d at 1195–1196. Counsel will not be deemed ineffective for failing to raise a meritless claim. *Jones*, 912 A.2d at 278 (*citing Commonwealth v. Darrick Hall*, 701 A.2d 190, 203 (Pa. 1997)).

A mistrial is an extreme remedy and is only required where the nature of an event unavoidably deprives a defendant of a fair trial. *Commonwealth v. Chamberlain*, 30 A.3d 381, 420 (Pa. 2011) (citation omitted). A mistrial is not necessary where cautionary instructions are adequate to overcome prejudice. *Id.* (*citing Commonwealth v. Spotz*, 716 A.2d 580, 592–593 (Pa. 1998). The jury is presumed to follow such instructions. *Commonwealth v. Williams*, 896 A.2d 523, 540 (Pa. 2006) (*citing Commonwealth v. DeJesus*, 860 A.2d 102, 111 (Pa. 2004)).

The Petitioner avers that trial counsel was ineffective for failing to request a mistrial following Officer Guerico's testimony that he had "a flash of several gunpoint robberies that occurred in the area" and "a description of the vehicles that were used in the robbery." N.T. 2/6/2013 at 194. Although appellate counsel challenged this Court's denial of a mistrial request, trial counsel, in fact, never requested a mistrial, thereby failing to preserve the issue. Although the Superior Court deemed the issue waived, it nevertheless concluded that even if the issue had been properly preserved, Detective Guerico's testimony, along with other testimony about unrelated robberies, would not warrant a mistrial. The Superior Court adopted this Court's reasoning and addressed the issue as follows:

> Detective Guerico's testimony about flash information and Detective Velazquez's description of his unit form part of the story of the case, and explained the case's natural development. "[A] trial court is not required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts form part of the history and natural development of the events and offenses with which a defendant is charged." *Commonwealth v. Broaster*, 863 A.2d

5

588, 592 (Pa. Super. 2004) (citing *Commonwealth v. Serge*, 837 A.2d 1255, 1260-61 (Pa. Super. 2003)).

> Moreover, none of the challenged references specifically state that there were robberies other than those of Mr. Negusse and Mr. Worke. These references are vague and the words "several" and "patterns" just as accurately describe two robberies as three or more. Simply put, there was no evidence of robberies other than those of Mr. Worke and Mr. Negusse introduced directly nor indirectly referenced at trial. Additionally, any prejudice suffered by the oblique references to possible other robberies by the [Petitioner] was *de minimis*. This claim is meritless.

*Coward*, 2609 EDA 2013 at 13 (*quoting* 1925(a) Opinion at 19).

Moreover, the Petitioner fails to demonstrate prejudice. Prior to their deliberations, this Court gave the jury the following cautionary instruction for prior bad acts evidence:

> I want to give you an additional instruction about how you consider the testimony of what I would call the second alleged robbery in this case and the testimony concerning Mr. Negusse. Now, you have received evidence during this trial that the [Petitioner] engaged in other conduct which was similar in nature to the conduct charged that he is on trial for, and that's the February 3rd robbery.
>
> If you find that the [Petitioner] did engage in that other conduct and if you find that the other conduct has sufficiently similar characteristics to that which is charged in this case, then you may but you need not infer that the [Petitioner] was the person who committed the acts charged in this incident. However, the evidence of similar conduct which is your determination -- but first you have to determine whether or not the incidents were similar. That is to be considered by you only for the issue or on the issue of the identity of the perpetrator of this robbery.
>
> This evidence cannot be and must not be considered by you in any other way other than for the purpose I just stated. You must not regard this evidence as showing that the [Petitioner] is a person of bad character or criminal tendencies from which you might be inclined to infer guilt.

N.T. 2/7/2013 at 132–133. This cautionary instruction is sufficiently detailed to explain the limited context in which the evidence may be considered. *See Chamberlain*, 30 A.3d at 420; *Williams*, 896 A.2d at 540. The Petitioner's claim is therefore without merit.

For the foregoing reasons, the petition is hereby DISMISSED. Petitioner is hereby notified that he has thirty (30) days from the date of this Order and Opinion to file an appeal with the Superior Court.

BY THE COURT,

Barbara A. McDermott, J.

CP-51-CR-0010435-2009 Comm. v. Coward, Noel Devon D.
Order Dismissing PCRA Petition

7426772941

7