J-S18033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DEQUAN DELIGHT FARLEY | : | |
| | : | |
| Appellant | : | No. 1921 MDA 2018 |

Appeal from the Judgment of Sentence Entered October 24, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0001037-2018

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 28, 2019**

Appellant Dequan Delight Farley appeals the judgment of sentence entered by the Court of Common Pleas of Berks County after Appellant was convicted of two counts of possession of a controlled substance with intent to deliver (PWID), two counts of simple possession of a controlled substance, and possession of drug paraphernalia.  Appellant's counsel filed a petition to withdraw his representation, as well as a brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396 (1967) (hereinafter "**Anders** brief").  We grant Counsel's petition to withdraw and affirm the judgment of sentence.

On February 5, 2018, Adult Probation Officer (APO) Brian Harting and his partner, APO Carlo DeAngelo conducted an unscheduled visit of Appellant's home located at 1009 Birch Street in Reading, Pennsylvania, while Appellant was on probation and parole.  Once APO Harting knocked on the door, Appellant answered approximately two to three minutes later.

---

*   Former Justice specially assigned to the Superior Court.

The officers entered the living room of the residence, where they encountered Appellant, Appellant's son, and another adult male. When talking with Appellant, the officers heard a noise coming from the kitchen and asked Appellant if there was any other individuals in the home. Although Appellant claimed there was no one else in his home, the officers entered the kitchen where they encountered two males, who APO Harting knew to be gang members. Notes of Testimony (N.T.), 6/5/18, at 8-9.

Thereafter, the officers told Appellant that they were going to conduct a brief walk-through of the home for their safety due to Appellant's deception concerning whether anyone else was in the home. APO Harting entered the basement, where he observed a small scale and smelled marijuana. APO Deangelo noticed, at the top of the basement stairs, a black Sneaker Villa bag containing a large bag of marijuana.

Based on these observations, APO Harting contacted his supervisor and obtained permission to search Appellant's bedroom and the common areas of the residence. In the kitchen, the officers found a mason jar filled with baggies of marijuana, packaging material, a scale, and two handguns. In the basement, the officers recovered a black trash bag filled with four vacuum-sealed bags of marijuana as well as a cooler, which held several more vacuum-sealed bags of marijuana and a vacuum-sealed bag of cocaine.

APO Harting and APO Deangelo contacted the Reading Police to report the discovery of the drugs. Officer Andrew Seiler of the Reading Police Department applied for, received, and executed a search warrant of

Appellant's home. In addition to the drugs previously discovered in the home, the officers also found $4,650 in U.S. currency in a bedroom near items belonging to Appellant. The Pennsylvania State Police Crime Lab confirmed that the officers recovered 53.40 grams of cocaine and 6.432 pounds of marijuana from Appellant's home. Subsequent testing revealed that ten fingerprints on the bags of drugs belonged to Appellant.

Appellant was arrested and charged with PWID (cocaine), PWID (marijuana), simple possession (cocaine), simple possession (marijuana), and possession of drug paraphernalia. On April 18, 2018, Appellant filed an omnibus pretrial motion, claiming *inter alia*, that the warrantless search of his home was unlawful as the residence at 1009 Birch Street was not his approved residence for the purpose of probation and parole. On June 5, 2018, the trial court held a hearing and subsequently denied the motion.

On October 24, 2018, the trial court conducted a bench trial and convicted Appellant of the aforementioned charges. On the same day, the trial court sentenced Appellant to four to eight years' incarceration for PWID (cocaine), one to two years' incarceration for PWID (marijuana), and one year of probation for the paraphernalia conviction. As all sentences were set to run consecutively, Appellant received an aggregate sentence of five to ten years' incarceration followed by one year of probation.

After sentencing, the trial court entered an order allowing Appellant's trial counsel to withdraw. On November 2, 2018, Appellant filed a *pro se* post-sentence motion in which he sought, *inter alia*, the modification of his

sentence. On November 13, 2018, the trial court denied Appellant's post-sentence motion without a hearing.

On November 19, 2018, Appellant's appellate counsel from the Berks County Public Defender's Office (hereinafter "Counsel"), entered his appearance and filed a notice of appeal. Thereafter, Counsel filed a petition to withdraw along with an **Anders** brief. Appellant filed a *pro se* request for additional time to file a response, after which this Court granted a limited extension. Nevertheless, Appellant never filed a *pro se* response.

As an initial matter, we must determine whether this appeal is properly before this Court. Our rules of criminal procedure provide that a "written post-sentence motion shall be filed no later than 10 days after the imposition of sentence." Pa.R.Crim.P. 720(A)(1). If the defendant files a timely post-sentence motion, the notice of appeal shall be filed "within 30 days of the entry of the order deciding the motion." Pa.R.Crim.P. 720(A)(2)(a).

In this case, Appellant filed a *pro se* post-sentence motion in an attempt to preserve his post-sentence rights within applicable the ten-day time limit. Generally, the *pro se* filing of a post-sentence motion by a defendant represented by counsel is considered to be a nullity having no legal effect. **Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa.Super. 2007) (citing **Commonwealth v. Piscanio**, 530 Pa. 293, 608 A.2d 1027, 1029 n.3 (1992)). However, this Court has recognized an exception to the rule against hybrid representation. Where a defendant is effectively abandoned by counsel and the trial court fails to appoint new counsel in a timely manner, a defendant's

filing of *pro se* post-sentence motion while still represented by counsel "does not offend considerations of hybrid representation." ***Commonwealth v. Leatherby***, 116 A.3d 73, 79 (Pa.Super. 2015) (declining to quash appeal as trial court's failure to appoint the appellant counsel in time to preserve his post-sentence rights constituted a breakdown in court processes).

In this case, Appellant was unrepresented in the ten-day period after sentencing as trial counsel withdrew at sentencing and appellate counsel did not enter his appearance in time to preserve Appellant's post-sentence rights. Thus, as we find Appellant's *pro se* motion tolled the time to which he needed to file an appeal, this appeal was timely filed.

In the ***Anders*** brief, Counsel raises the following issues for our review:

1) Whether the trial court erred in denying Appellant's suppression motion where the initial search was conducted without a warrant and 1009 Birch Street was not Appellant's approved address?

2) Whether the evidence admitted at trial was insufficient to support the guilty verdicts for Possession with Intent to Deliver – Cocaine and Possession with Intent to Deliver – Marijuana?

3) Whether the trial court erred and abused its discretion when sentencing Appellant to consecutive standard range sentences that were inconsistent with the gravity of the offense, protection of the public, and Appellant's rehabilitative needs based in part upon an alleged lack of remorse?

***Anders*** brief, at 6.

We must evaluate Counsel's request to withdraw before reaching the merits of the case. ***Commonwealth v. Washington***, 63 A.3d 797, 800 (Pa.Super. 2013); ***see also Commonwealth v. Rojas***, 874 A.2d 638, 639

(Pa.Super. 2005) (stating, "When faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw[]") (citation omitted).

There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted). We further review Counsel's **Anders** brief for compliance with the requirements set forth in **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009):

> [W]e hold that in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id**. at 178-79, 978 A.2d at 361. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007).

In the **Anders** brief and petition to withdraw, Counsel provides a summary of the facts and procedural history of the case, refers to evidence of record that might arguably support the issues raised on appeal, and provides citations to relevant case law. Counsel avers that he made a "thorough review of the record in this matter" and asserted that he could "find no non-frivolous argument that would support Appellant's claim." **Anders** brief, at 38. Counsel also filed a copy of his letter in which he advised Appellant of his right to proceed *pro se* or with the assistance of privately retained counsel.

Accordingly, Counsel has substantially complied with all of the technical requirements of **Anders** and **Santiago**. Therefore, we proceed to examine the issues Counsel identified in the **Anders** brief and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." **Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa.Super. 2018) (*en banc*) (quotation omitted).

Counsel first raises Appellant's claim that the trial court erred in denying his suppression motion. We are guided by the following standard:

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing the ruling of a suppression court, we must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record.... Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Eichinger*, 591 Pa. 1, 22, 915 A.2d 1122, 1134 (2007) (citations omitted).

Appellant specifically asserts that the initial warrantless search was illegal as he alleges that the home located at 1009 Birch Street in Reading was not his approved residence for the purpose of his probation and parole. Appellant acknowledged that the 1009 Birch Street residence was his mother's home, but asserted that he lived with his father on Schuylkill Avenue.

However, the trial court found it was "overwhelmingly clear from the record in this case that the premises searched were in fact [Appellant's] official approved residence." Trial Court Opinion, 7/23/18, at 2. The Commonwealth presented evidence that 1009 Birch Street was Appellant's registered address at the time of the search and had been his registered address since at least May 2017. Upon his arrest on February 5, 2018, Appellant told police that he currently lived at the 1009 Birch Street residence with his mother. N.T., 6/5/18, at 43. As such, we conclude this claim is meritless.

Second, Counsel raises Appellant's claim that the evidence was insufficient to support his two convictions for PWID (marijuana and cocaine). Our standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical

- 8 -

certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Windslowe*, 158 A.3d 698, 708–709 (Pa.Super. 2017),

*appeal denied*, 643 Pa. 85, 171 A.3d 1286 (2017) (quoting *Commonwealth*

*v. Tukhi*, 149 A.3d 881, 886–87 (Pa.Super. 2016)).

In reviewing a sufficiency challenge to evidence supporting a PWID

conviction, we recognize the following principles:

In order to prove the offense of possession with intent to deliver a controlled substance, the Commonwealth must prove beyond a reasonable doubt both that the defendant possessed the controlled substance and had the intent to deliver. When determining whether a defendant had the requisite intent to deliver, relevant factors for consideration are the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and large sums of cash. Expert opinion testimony is also admissible concerning whether the facts surrounding the possession of controlled substances are consistent with an intent to deliver rather than with an intent to possess it for personal use. The expert testimony of a witness qualified in the field of drug distribution, coupled with the presence of drug paraphernalia, is sufficient to establish intent to deliver.

***Commonwealth v. Carpenter***, 955 A.2d 411, 414 (Pa.Super. 2008) (citations and quotation marks omitted).

Reviewing the record in the light most favorable to the Commonwealth, we find there is sufficient evidence to support Appellant's PWID convictions. It is clear that Appellant possessed both the marijuana and cocaine recovered from his home as his fingerprints were discovered on the packaging material and the vacuum-sealed bags containing the drugs. In addition, the Commonwealth offered expert testimony to show Appellant had intent to deliver the controlled substances based on his possession of a large amount of each drug, packaging material, a scale, a large amount of U.S. currency and two firearms as well as the lack of paraphernalia for drug consumption. As the Commonwealth presented overwhelming evidence that Appellant possessed the cocaine and marijuana with the intent to deliver, we find the sufficiency claim to be meritless.

Lastly, Counsel raised Appellant's argument that the trial court improperly considered Appellant's silence at sentencing to be evidence of his lack of remorse. This claim is a challenge to the discretionary aspects of Appellant's sentence.

It is well-established that "[a] challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right." ***Commonwealth v. Bynum-Hamilton***, 135 A.3d 179, 184 (Pa.Super. 2016). In order to invoke this Court's jurisdiction to address such a challenge, the appellant must satisfy the following four-part test: the appellant must (1) file

a timely notice of appeal pursuant to Pa.R.A.P. 902, 903; (2) preserve the issues at sentencing or in a timely post-sentence motion pursuant to Pa.R.Crim.P. 720; (3) ensure that the appellant's brief does not have a fatal defect as set forth in Pa.R.A.P. 2119(f); and (4) set forth a substantial question that the sentence appealed from is not appropriate under the Sentencing Code under 42 Pa.C.S.A. § 9781(b). *Id*. Appellant filed a timely notice of appeal and preserved his sentencing claim in a timely post-sentence motion. Counsel submitted a Rule 2119(f) statement in his *Anders* brief.

We must now determine whether Appellant has raised a substantial question for our review. This Court has provided as follows:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Ali*, 197 A.3d 742, 760 (Pa.Super. 2018) (citations omitted). Appellant's claim that the trial court considered an improper factor in fashioning his sentence raises a substantial question for our review. *Commonwealth v. Downing*, 990 A.2d 788, 792 (Pa.Super. 2010) (concluding that the appellant's claim that the trial court relied on an improper factor raised a substantial question permitting review).

In reviewing a challenge to the discretionary aspects of sentence, we emphasize that:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal

absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 731 (Pa.Super. 2015) (quotation omitted).

When a defendant is given a standard range sentence, we review the sentence to determine if the trial court's application of the guidelines would be "clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2). In reviewing a sentence, an appellate court shall have regard for: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based; and (4) the guidelines promulgated by the commission. 42 Pa.C.S.A. § 9781(d)(1)–(4).

Moreover, our Legislature has set forth general sentencing standards that require the sentencing court to impose a sentence that is consistent with protection of the public, the gravity of the offense in relation to the impact on the victim and the community, and the rehabilitative needs of the defendant. ***Commonwealth v. Walls***, 592 Pa. 557, 569, 926 A.2d 957, 964 (2007) (citing 42 Pa.C.S.A. § 9721(b)).

Appellant's sentencing challenge appears to be based on his assertion that the trial court improperly determined that his choice not to speak at his sentencing hearing was evidence of his lack of remorse. This Court has

- 12 -

emphasized that "it is undoubtedly appropriate for a trial court to consider a defendant's lack of remorse as a factor at sentencing, provided that it is specifically considered in relation to protection of the public, the gravity of the offense, and the defendant's rehabilitative needs." ***Commonwealth v. Bowen***, 975 A.2d 1120, 1125 (Pa.Super. 2009).

In this case, the trial court indicated that it considered the sentencing guidelines, the parties' recommendations, and Appellant's pre-sentence investigation report. In explaining its rationale for imposing its sentence, the trial court found Appellant exhibited a lack of remorse when considering his extensive prior record and the fact that he was already on supervision at the time he was charged with the instant offenses:

> The thing that's troubling about the defendant's record, while I have seen worse insofar as the magnitude of the offense is concerned, there appears to be but a single year since the year 2011 when the defendant did not commit at least one crime. And that I believe was 2013. The conduct here is extremely severe and departs with some significance to the severity of the offenses with which the defendant previously engaged; but unfortunately, he seems to have learned nothing because of all that supervision and all those contacts with the system and one of the things that's particularly disturbing is the defendant has exhibited no kind of remorse here except for his expression at previous proceedings that it appears that he believes he was unfairly caught.

Notes of Testimony, 10/24/18, at 11. Despite Appellant's assertion that the trial court penalized him for not exercising his right to allocution at sentencing, the trial court made no mention of Appellant's silence at sentencing in explaining its rationale.

Moreover, the trial court did not abuse its discretion in imposing standard range sentences in this case.[1] "Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super. 2010) (citations omitted). Further, this Court has emphasized "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Id*. Based on our review of the record, we cannot conclude that the trial court's sentence was "clearly unreasonable" and find this issue merits no relief. Accordingly, the sentencing claims presented in the *Anders* brief are wholly frivolous.

In light of the foregoing, and after conducting a full examination of all the proceedings, we discern no non-frivolous issues to be raised on appeal. *Yorgey*, *supra*, 188 A.3d at 1195. Therefore, we grant Counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

_____

[1] As Appellant's prior record score (PRS) was 3 and his offense gravity scores (OGS) for PWID (cocaine) and PWID (marijuana) were 10 and 5, respectively, the trial court determined that the standard ranges for these convictions were 42-54 months and 6-16 months. As the trial court sentenced Appellant to four to eight years' incarceration for PWID (cocaine) and one to two years' incarceration for PWID (marijuana), both of these sentences fell within the standard range of the guidelines.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/28/2019